UIDC MANAGEMENT COMPANY, Plaintiff-Appellant, v. PLEDGE OF RESISTANCE et al., Defendants-Appellees.

First District (5th Division)   No. 88—2497

Opinion filed December 16, 1988.—Rehearing denied January 13, 1989.

Wildman, Harrold, Allen & Dixon, of Chicago (James D. Fiffer and Richard D. Murphy, Jr., of counsel), for appellant.

Meyer-Kelly, of Chicago, appellees *pro se.*

Janine L. Hoft, of Chicago, for other appellees.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiff, UIDC Management Company, from a trial court order dated July 29, 1988, denying plaintiff a petition for a rule to show cause and dismissing the case as moot.

The facts disclosed that plaintiff is the managing agent of Water Tower Place, a shopping and business mall located on "Chicago's Magnificent Mile" at 845 North Michigan Avenue, Chicago, Illinois. On December 17, 1987, plaintiff filed a complaint against, among other defendants, the Pledge of Resistance and the Chicago Religious Task Force on Central America. The complaint sought an injunction to restrain defendants from having a public demonstration protesting America's policy in Central America to take place at Water Tower Place.

A motion was made for an emergency injunction. The trial court allowed the motion and entered an order barring defendants or any person acting in concert with them from demonstrating inside Water Tower Place "between 10 a.m. and 6 p.m. on December 20, 1987." On December 23, 1987, the court entered an order barring defendants and others from demonstrating between December 23, 1987, and December 28, 1987. Apparently, some or all of the defendants ignored the court's order and demonstrated in violation of its term. Plaintiff immediately sought a rule to show cause why defendants should not be held in contempt of court for violating the court injunction. In a long opinion the trial court denied the rule to show cause, dismissed the plaintiff's complaint as now moot, and dismissed a counterclaim.

The plaintiff filed an appeal from the trial court's order, naming as defendants the Pledge of Resistance, Chicago Religious Task Force on Central America, and over 50 individuals. It appears that the trial

court declined to hold the defendants in either criminal or civil contempt because of, among other reasons, a crowded court calendar that didn't allow for extended hearings that provided the alleged contemnors a forum for public debate about America's foreign policy.

The plaintiff on appeal charges that the trial court overlooked the civil element of the contempt proceeding and erred in not holding a hearing on its motion for a rule to show cause.

Although we disagree with the trial court's reasons for denying the petition for a rule to show cause, we must dismiss the appeal on procedural grounds. The record shows that at least some of the defendants, if not all, violated the trial court's order. According to the record, the only defense was one of necessity, which the trial court struck.

■■■ Contempt, whether it be civil or criminal, direct or indirect, is punishable by the imposition of a fine or imprisonment or other sanction for the contempt. An order imposing such sanction is final and appealable because it is collateral to and independent of the case in which the contempt arose. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 613.) However, a judgment in a contempt proceeding that imposes no punishment is a nonfinal order and is not appealable unless it falls within the exceptions set forth in Supreme Court Rules 306 through 308 (107 Ill. 2d Rules 306 through 308). (*In re Marriage of Kitchen* (1984), 126 Ill. App. 3d 192, 467 N.E.2d 344.) Although this well-settled law of procedure in contempt cases may seem harsh as applied in this case, it could have been avoided by leaving the complaint stand and requesting the trial court to include the language contained in Supreme Court Rule 304, "there is no just reason for delaying enforcement or appeal" of the order. (107 Ill. 2d R. 304(a).) Although the trial court struck the plaintiff's complaint in this case as well as a counterclaim, the plaintiff only appealed from the July 20, 1988, order to the "extent such order denied plaintiff's motion for a rule to show cause why certain defendants should not be held in contempt."

Since that portion of the July 20, 1988, order standing alone is not a final one, no punishment having been imposed, the appeal is dismissed.

Appeal dismissed.

LORENZ, P.J., and PINCHAM, J., concur.