THOMAS CUMMINGS *et al.*, Plaintiffs-Appellants, v. BEATON & ASSOCIATES, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—89—0336

Opinion filed December 14, 1989.—Rehearing denied January 22, 1990.

Sachnoff, Weaver & Rubenstein, Ltd., and Becker & Tenenbaum, both of Chicago (Lowell E. Sachnoff, Arnold A. Pagniucci, Theodore M. Becker, J. Samuel Tenenbaum, and Steven C. Daily, of counsel), for appellants.

Foran, Wiss & Schultz, Sonnenschein, Carlin, Nath & Rosenthal, Ross & Hardies, Lord, Bissell & Brook, Connelly, Mustes & Palmer, Thomas J. Reed, and Harvey J. Barnett & Associates, Ltd., all of Chicago (Thomas A. Foran, Richard G. Schultz, James R. Figliulo, Steven H. Gistenson, Alan Silberman, Michael King, Kurt L. Feuer, Evan A. Burkholder, John M. Hughes, Michael P. Connelly, Kathleen A. Bridgman, and Michael S. Blazer, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiffs, Thomas and Barbara Cummings, appeal from an order of the trial court that impounded the trial record and ordered the parties to refrain from discussing certain allegations found in the second amended complaint. Defendants are McDonald's Corporation, private investigative agencies and their agents, and certain individuals who allegedly conspired to harass and intimidate a witness in related litigation and who allegedly committed other acts that "corruptly influenced the administration of justice."

On this interlocutory appeal, plaintiffs assert that the order entered constitutes prior restraints on speech; is overbroad and vague; and also violates the right of public access to court files. Defendants respond that the court has inherent power to supervise its own records and that the order is not appealable under Supreme Court Rule 307(a) (107 Ill. 2d R. 307(a)). In addition, they state that the allegations in question include "vicious" and untrue rumors of a murder plot and that the order does not violate plaintiffs' constitutional rights.

BACKGROUND

In December of 1985 the plaintiffs filed the original complaint, which they amended in June 1986. By agreement of the parties the action was stayed because of the pendency of a related action in the Federal court. Discovery in that suit proceeded until the Federal court granted the defendants' motion to dismiss the action.

Several months after the Federal lawsuit had been dismissed, plaintiffs sought leave to file a second amended complaint and to lift the stay of the pending State court action. The hearing on this motion took place on January 6, 1989.

At the hearing, defendants objected to the filing of the second amended complaint, in part because it contained "scurrilous" allegations that had not been raised in the original or first amended complaint; furthermore, the Federal discovery proceedings established that these allegations had no basis in fact.

One of the allegations of the second amended complaint concerned a statement that supposedly tied the chairman of the board of McDonald's to a plot to murder one of the plaintiffs, Thomas Cummings. At the January 6 hearing defense counsel told the court that the source of the rumor had denied making this statement in a deposition taken in the Federal court proceeding. Defendants' attorneys therefore requested the court to grant them leave to file written objections to the plaintiffs' motion to file the second amended complaint. Plaintiffs told the court that they must file it immediately to avoid problems with the statute of limitations. In an attempt to accommodate both sides, the trial court allowed plaintiffs to file the second amended complaint and ordered the file to be impounded until the court could rule on defendants' objections to the amended pleading. In addition, the court prohibited the parties and their agents from disseminating information contained in the complaint. The court then set a briefing schedule on defendants' objections to the plaintiffs' motion.

On January 24, 1989, plaintiffs filed a motion to vacate the impoundment order. Both sides filed memoranda, and the court held a hearing on February 3, 1989.

The court commented that the order was intended to be provisional in nature and to simply give defendants an opportunity to show that whatever had been filed was false and should be stricken, to avoid a public display if the charges were found to be meritless. Plaintiffs' counsel argued, among other things, that the order was too broad. The court then modified its January 6 order, prohibiting only the dissemination of matters relating to specific paragraphs of the second amended complaint.

The trial court's initial order impounded the entire file and enjoined the parties and their agents from "disseminating any of the impounded documents, matters relating to this case or information derived from the case with anyone." The amended order attempted to narrow this by limiting the "gag" aspects to specific paragraphs. In pertinent part the amended order from which this appeal is taken states as follows: "It is further ordered that all parties, agents and attorneys are enjoined from disseminating any of the impounded documents or information which relates in any way to paragraphs 31, 32, 33, 38(a), 38(b), 38(c), 38(d), 38(e), 39 through 45, inclusive, 58 through 68 inclusive and 71 of the Second Amended Complaint to anyone including the media and a copy of this order shall be served on new parties to be served herein. All pleadings shall be filed with this order."

Since the filing of the plaintiffs' notice of interlocutory appeal, on February 3, 1989, defendants have filed certain motions directed at the pleadings, plus a motion for partial summary judgment. During oral argument the parties informed the court that defendants' motion to strike the second amended complaint has been granted in part and that only two paragraphs are still in dispute. Defendants' motion for summary judgment is pending, and a motion to modify the impoundment order is also pending, apparently subject to plaintiffs' objection on jurisdictional grounds.

OPINION

Plaintiffs initially attack the order as violating the free speech and due process clauses of the Federal and State Constitutions. Characterizing it as a prior restraint on speech, they assert that the gag portions of the order are presumptively unconstitutional. Specifically, they assert that the prohibition against the parties and their agents from disclosing information regarding the allegations of the second amended complaint is a "predetermined judicial prohibition restraining specified expression," violation of which is punishable by contempt even if it is constitutionally infirm. (*Chicago Council of Lawyers v. Bauer* (7th Cir. 1975), 522 F.2d 242, 248.) Therefore, the court must review the gag order with a "heavy presumption" that it is unconstitutional. (*E.g., Organization for a Better Austin v. Keefe* (1971), 402 U.S. 415, 419, 29 L. Ed. 2d 1, 5, 91 S. Ct. 1575, 1578.) Because of the free speech protections that the first amendment provides, restricting comment on matters pending in court should be limited to those "that pose a 'serious and imminent threat' of interference with the fair administration of justice." *Chicago Council of Lawyers v. Bauer* (7th Cir. 1975), 522 F.2d 242, 249.

Plaintiffs also attack the impoundment of the court file as improperly restricting public access to court records. They contend that the standard for preventing access to judicial proceedings requires a showing of a "compelling governmental interest" and a narrow tailoring of the order to fit that interest.

Defendants take an entirely different view of the order, characterizing it as an exercise of the trial court's inherent power to supervise its records and control its docket. They note that the order was intended to be provisional, lasting only until the court could rule on the challenged allegations of the second amended complaint, and that the order is not appealable as an injunction under Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307).

# I

■■ We first address the appealability of the order. Rule 307(a)(1) allows interlocutory appeals to be taken from injunctive orders. By its terms, the order in this case restrains the parties from disseminating certain information. The Illinois Supreme Court views orders that restrain parties and their attorneys from making extrajudicial comments about a pending civil matter as orders subject to interlocutory review. (See *Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 492 N.E.2d 1327; *In re a Minor* (1989), 127 Ill. 2d 247, 537 N.E.2d 292.) In *Kemner,* the order in question restrained the parties from discussing the case with the media or issuing further press releases that might be read by the jury. No one challenged the order as not being appealable under Rule 307(a)(1). Subsequently, in *Minor,* the supreme court noted that it had "assumed" that the *Kemner* order was a proper one for interlocutory review.

*Minor* involved an interlocutory order that prohibited a newspaper from publishing information relating to a juvenile hearing. The court explicitly held that order to be appealable as an injunction under Rule 307(a)(1). The court acknowledged that ministerial orders regulating the procedural details of litigation are not proper subjects of interlocutory review, and gave as examples discovery orders and subpoenaes. (127 Ill. 2d at 262, 537 N.E.2d at 298, citing *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 429 N.E.2d 483.) The court went on to hold that "interlocutory restraints upon publication of information are reviewable as interlocutory injunctive orders under Rule 307(a)(1)." 127 Ill. 2d at 263, 537 N.E.2d at 299.

■ *Kemner* and *Minor* lead us to conclude that the challenged order in this case is proper for interlocutory review as an injunction because it is a restraint on speech that goes beyond ministerial matters involving only procedural aspects of the litigation. While we believe that the trial court was attempting to fashion a temporary and perhaps mildly restrictive order to accommodate the parties' conflicting interests, we do not believe that the order entered falls into the category of administering to procedural details of the litigation. As written, the order clearly prohibits certain speech, including the publication of information related to the case. Therefore, we find that the order is properly before us pursuant to Rule 307(a)(1).

# II

■■ Our finding as to appealability is also relevant to the merits. Once the order is characterized as an injunction against certain speech, as opposed to a ministerial order, the first amendment analy-

sis applies. Defendants' arguments regarding the inherent power of the court to supervise its records therefore lose significance. Instead, we must consider whether the restraint imposed by the order promotes a compelling governmental interest that outweighs the "heavy presumption" that the order is unconstitutional. *Press-Enterprise Co. v. Superior Court* (1984), 464 U.S. 501, 78 L. Ed. 2d 629, 104 S. Ct. 819; *Organization for a Better Austin v. Keefe* (1971), 402 U.S. 415, 419, 29 L. Ed. 2d 1, 5, 91 S. Ct. 1575, 1578.

In *Kemner*, the Illinois Supreme Court held that a trial court could only restrain parties and their attorneys from making extrajudicial statements about a pending civil case if the court made specific findings that the conduct posed a *"clear and present danger or a serious and imminent threat to the fairness and integrity of the trial."* (Emphasis in original.) (*Kemner*, 112 Ill. 2d at 244, 492 N.E.2d at 1337.) No such findings were made in the pending case.

It is true that this case is at a preliminary stage and does not involve an ongoing trial. Information obtained through pretrial discovery in civil proceedings may be restricted, upon a showing of good cause, as where the discovered facts are incidental to the material issues and might be used to invade privacy interests or to damage reputations. (*Seattle Times Co. v. Rhinehart* (1984), 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (Courts may restrict the dissemination of information obtained through discovery before trial to prevent "abuse of its processes").) The *Seattle Times* court, however, also reiterated the general rule that speech shall not be restricted unless such restraints are no greater than is necessary to the protection of an important or substantial governmental interest unrelated to the suppression of expression. 467 U.S. at 32, 81 L. Ed. 2d at 26, 104 S. Ct. at 2207.

In the pending case defendants have not demonstrated what important or substantial governmental interest is at stake in need of protection by the gag order. We do not believe that the order entered in the pending case is necessary to protect the judicial process.[1] The matters suppressed are matters that have already received press coverage, including the allegation or rumor concerning the murder plot. The record on appeal contains articles from newspapers, as well as transcripts from radio news programs, which report the assertions. These news reports also carry a strong denial from the source of the alleged rumor that he ever implicated the corporate of-

[1]We hesitate to approve a procedure in which a judicial finding of the truth or falsity of allegations is required before a complaint may be filed of record.

ficial in any such plot. Therefore, without considering the truth or falsity of the suppressed allegations, or their possibly defamatory nature, we find that there is no substantial governmental interest in barring public access to the court file or preventing the parties from discussing the allegations with witnesses and other persons.[2]

We limit our holding to the particular circumstances contained herein, and we do not express any opinion as to why a court file might properly be impounded in the course of pretrial proceedings. Courts have recognized that the public's right to inspect court records is not absolute and that the courts have an inherent power to control their records. (See *Nixon v. Warner Communications, Inc.* (1978), 435 U.S. 589, 598, 55 L. Ed. 2d 570, 580, 98 S. Ct. 1306, 1312; *Deere & Co. v. Finley* (1981), 103 Ill. App. 3d 774, 431 N.E.2d 1201.) In the pending case, however, the sensitive allegations are in the public domain. The impounding of the file and the restraint on the dissemination of the challenged information therefore serve no real purpose and protect no governmental interest. We conclude that the trial court's order of January 6, 1989, as amended by the order of February 3, 1989, must be vacated.

Because of our determination that the impoundment and gag provisions of the order are not justified under the circumstances, we do not address the overbreadth and vagueness issues.

For the foregoing reasons, we vacate the order of the trial court and remand this cause for further proceedings.

Vacated and remanded for further proceedings.

JIGANTI, P.J., and JOHNSON, J., concur.

---

[2]There are several situations in which the private interests of litigants may be served by the entry of orders which restrain the dissemination of information. For example, the parties may agree to or the court may enter a protective order to prevent confidential information or trade secrets from being released to third parties. In *Seattle Times Co. v. Rhinehart* (1984), 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199, the Court upheld a restraint on the dissemination of material obtained through discovery and dealing with the financial affairs of a litigant because the information was not material to the issues and could be damaging to the party who sought to have it suppressed.