NORTHERN TRUST COMPANY, as Guardian, Plaintiff-Appellant, v. BRENTWOOD NORTH NURSING AND REHABILITATION CENTER, INC., Defendant-Appellee (Orsini Nursing Agency, Ltd., *et al.*, Defendants).

Second District   No. 2—91—0494

Opinion filed March 3, 1992.

Allen M. Anderson and William F. Castillo, both of Ariano, Anderson, Bazos, Hardy, Kramer & Castillo, P.C., and Josette Skelnik, of Robinson & Skelnik, both of Elgin, for appellant.

Marc F. Benjoya, Timothy J. Ashe, and Kathlein K. Krider, all of Cassiday, Schade & Gloor, of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, the Northern Trust Company, appeals the order of the circuit court which imposed confidentiality upon the parties and the attorneys to this action. Plaintiff contends that the trial court erred by imposing a term not included in the settlement agreement and that the order is unconstitutionally broad. Defendant Brentwood North Nursing and Rehabilitation Center, Inc. (Brentwood), contends that the order was a valid use of the court's inherent authority to protect the parties to the litigation.

Plaintiff is the guardian of the estate of a disabled person. She was injured in a boating accident and has no control over her body although she remains fully conscious. While she was a patient at Brentwood, a nurse's aide, Ravindrakumar Patel, was assigned to bathe her. Instead, while clothed, he "dry humped" her, for which he was convicted of criminal sexual assault. The facts surrounding his conduct were published in our opinion affirming his conviction. (See *People v. Patel* (1991), 213 Ill. App. 3d 688.) Patel was an employee of defendant Orsini Nursing Agency, Ltd., and was assigned to perform services at Brentwood.

Plaintiff brought a complaint against these defendants alleging negligence, willful and wanton conduct and violations of the Nursing Home Care Reform Act of 1979 (Ill. Rev. Stat. 1987, ch. 111½, par. 4151—101 *et seq.*). After a year of litigation and discovery, on October 22, 1990, the trial court entered an order stating as follows: "This matter coming before the Court for trial, the Court being appraised [*sic*] that settlement has been reached in this cause, it is hereby ordered that the above entitled cause is dismissed for want of prosecution, *subject to the entry of a settlement agreement.*" (Emphasis in

original.) After obtaining approval from the court administering the probate estate, plaintiff petitioned the trial court for approval of the settlement. On November 16, 1990, the trial court entered an order approving the cash settlement.

On January 8, 1991, defendant Brentwood filed a motion to dismiss in which it alleged that the parties had signed a stipulation to dismiss the cause with prejudice. Brentwood also alleged that one of the major factors in its decision to settle was the purpose of avoiding a lengthy and public trial. Brentwood requested the court to order that the terms of the settlement and the facts underlying the action be kept confidential by the parties and their attorneys.

Plaintiff objected to the entry of the confidentiality order and supported its objection with certain documents. Plaintiff attached defense counsel's letter in which defense counsel transmitted the proposed release, which included a covenant of confidentiality. Plaintiff attached its own counsel's responding letter in which he objected to the confidentiality and stated that the term had never been a subject of the negotiations. Plaintiff then introduced defense counsel's subsequent letter in which he stated that he removed the term from the proposed release. Plaintiff finally submitted the executed release, which did not include the confidentiality term.

Nonetheless, the trial court denied plaintiff's objection and entered the judgment dismissing the cause. The trial court further included an order which stated: "[T]he facts and circumstances surrounding the litigation and the terms and conditions of the settlement agreement shall remain *confidential* as to all parties and their attorneys and shall not be disclosed in any manner. All parties and counsel are bound by this confidentiality order." (Emphasis in original.) Plaintiff moved the court to reconsider the order on the ground that the order was an unconstitutional infringement of the freedom of speech. Plaintiff supported the motion by showing the facts were already public and submitted newspaper articles which described the underlying conduct and the criminal action. The motion was denied, and plaintiff Northern Trust Company filed a notice of appeal.

■ Plaintiff raises two issues: first, whether the trial court erred by entering a term which was expressly excluded from the settlement; and, second, whether the order is a violation of the right to the freedom of speech. We also note here that plaintiff does not have standing to raise arguments relating to the detriment suffered by its attorneys from the order because they did not file a notice of appeal. See *Sherman Hospital v. Wingren* (1988), 169 Ill. App. 3d 161, 165.

■ A settlement agreement may not be altered as to material terms without the consent of both parties, and a court may not alter an agreement on its own accord. (*Exchange National Bank v. Sampson* (1989), 186 Ill. App. 3d 969, 972.) The ordinary rules of contract construction apply to settlement agreements, and valid assent to the terms of an agreement may be inferred from the conduct of a party. (186 Ill. App. 3d at 972.) It is the function of the court to determine the intent of the parties and to execute it, but it is not the function of a court to modify the document or create new terms different from those to which the parties have agreed. *Northern Trust Co. v. Tarre* (1981), 86 Ill. 2d 441, 450.

■ While plaintiff states that the confidentiality term was expressly excluded by the agreement, the release is actually silent about it. Plaintiff introduced parol evidence to show that the confidentiality clause was excluded. Ordinarily, parol evidence may not be used to consider the meaning of a contractual term when the terms are clear and unambiguous. (*Lewis v. Loyola University* (1986), 149 Ill. App. 3d 88, 92.) However, parol evidence is admissible to show a condition precedent to the existence of a contract. (*Reavy Grady & Crouch Realtors v. Hall* (1982), 110 Ill. App. 3d 325, 329.) The words of a release will not prevent inquiry into the circumstances to ascertain whether the release was fairly made and accurately reflected the intentions of the parties. (*Gutierrez v. Schultz* (1982), 109 Ill. App. 3d 372, 375.) Where a contract is not expressive of the complete agreement and understanding of the parties, consideration of antecedent proceedings does not serve to vary the contract terms but exemplifies the terms of the agreement. Furthermore, all relevant evidence may be considered to determine whether a particular writing is the complete agreement of the parties. (*Lewis*, 149 Ill. App. 3d at 93.) Thus, the court could consider plaintiff's evidence that the confidentiality was excluded by their agreement.

■ Defendant contends that because the trial court has the inherent authority to enter a "gag order" with or without the consent of the parties (see *Seattle Times Co. v. Rhinehart* (1984), 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199; *In re a Minor* (1989), 127 Ill. 2d 247; *In re Marriage of Granger* (1990), 197 Ill. App. 3d 363, 373; *Cummings v. Beaton & Associates, Inc.* (1989), 192 Ill. App. 3d 792, 798), and the settlement agreement did not prohibit defendant from seeking an order, defendant could legally apply for such an order. With constitutional exceptions, the trial court has the authority to protect the privacy of those parties appearing before it. (*In re a Minor*, 127 Ill. 2d at 267-68.) For example, courts may restrict the dis-

semination of materials obtained through court-ordered discovery; the restraint prevents abuse of process and prevents the disclosure of private information. (*Seattle Times*, 467 U.S. at 34-35, 81 L. Ed. 2d at 28, 104 S. Ct. at 2208-09.) The court may also order that private information or trade secrets not be disclosed. (*Cummings*, 192 Ill. App. 3d at 798.) The public's right to inspect court records is not absolute. 192 Ill. App. 3d at 798.

■ Defendant contends that plaintiff failed to assert that the absence of a confidentiality order was such an integral part of the settlement that, if the order was entered, there was no agreement. We disagree; the antecedent proceedings show that the striking of the confidentiality clause was a condition precedent to plaintiff's acceptance of the contract. The term was not a condition precedent for defendant. Defendant contends that there is no evidence showing it agreed to abandon its efforts to obtain confidentiality. Thus, at most, defendant assumed the risks of taking its chances with the trial court and petitioning for a gag order. However, the evidence shows that it acquiesced to the request to exclude the term from the release. Defendant further argues that plaintiff should not be able to reap the benefits of the settlement by accepting cash while destroying defendant's purpose in settling. However, defendant did not view the term as important as the termination of the litigation because it agreed to the release without the term. The parol evidence shows that terms of the contract formed by the parties excluded the confidentiality clause. Thus, the trial court should not have altered the terms of the contract by entering the gag order.

Because we reverse on the first issue, we decline to rule on the issue of whether the order was an unconstitutional prior restraint of plaintiff's right of free speech.

■ Finally, defendant has moved this court to issue this opinion as an unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23). However, the rule mandated by our supreme court states that we *shall* issue an opinion when the case involves an important new legal issue or modifies an existing rule of law or when the decision is of substantial public interest. (134 Ill. 2d R. 23.) We find that this case develops a legal issue because it informs practitioners that they must seek confidentiality orders either through a prior petition to the court or through agreement and not by the method employed by defendant in derogation of an agreement. Moreover, the additional detriment suffered by defendant by the publication of this opinion is slight. This opinion contains no facts which were not already published in newspapers or in the criminal proceeding against Patel.

Moreover, it appears that defendant did not ask the trial court to seal the record, and the other facts remain a matter of public record.

For the above reasons, the order of the circuit court is reversed.

Reversed.

INGLIS, P.J., and WOODWARD, J., concur.