JAMES E. BEARDEN, Indiv. and as Adm'r of the Estate of Deborah L. Bearden, Deceased, Plaintiffs-Appellees, v. WILLIAM M. HAMBY *et al.*, Defendants (Michael J. Hennig, Contemnor-Appellant).

First District (2nd Division)   No. 1—91—2752

Opinion filed December 22, 1992.

780

Winston & Strawn, of Chicago (Neil E. Holmen and Michael P. Reynolds, of counsel), for appellant.

Sachnoff & Weaver, Ltd., of Chicago (David Schachman, of counsel), for appellees.

JUSTICE McCORMICK delivered the opinion of the court:

Plaintiff, James E. Bearden, individually and as administrator of the estate of Deborah L. Bearden, deceased, brought a medical malpractice claim against defendant Dr. William M. Hamby, W.M. Hamby M.D., Ltd., his professional corporation, along with other defendants. The court ordered defendants Dr. Hamby and his professional corporation to produce income tax returns pursuant to Supreme Court Rule 237(b) (134 Ill. 2d R. 237(b)). However, on the advice of their attorney, Michael J. Hennig, these defendants refused to produce the income tax returns. The court found Hennig to be in contempt of court and fined him $25. Hennig appeals from the contempt order, contending that the income tax returns are irrelevant and inadmissible into evidence. As more fully explained below, we find Hennig's argument to be persuasive, and we reverse the trial court's finding of contempt.

On August 14, 1983, Deborah L. Bearden was admitted into Central Community Hospital (the hospital), where Dr. Hamby and others provided her with medical care and treatment. On August 22, 1983, Deborah underwent surgery. She was released from the hospital on September 3, 1983. Thereafter, Dr. Hamby treated her on an outpatient basis. On September 18, 1983, Deborah was readmitted to the hospital. Dr. Hamby continued to treat her until her death on October 27, 1983.

On July 11, 1985, plaintiff filed a complaint alleging that Dr. Hamby (1) failed to diagnose and properly treat Deborah's acute life-threatening heart condition; (2) failed to consult with a qualified cardiologist regarding Deborah's condition; and (3) failed to transfer Deborah to a major university hospital which could provide more intensive and suitable monitoring and treatment.

During discovery, plaintiff learned that Dr. Hamby's professional corporation had a contractual arrangement with the hospital. Under the provisions of the contract, the hospital paid Dr. Hamby to manage its intensive care and intermediate care unit. The hospital also paid Dr. Hamby 25% of the hospital's charges for reading and interpreting EKGs and other cardiology tests.

Dr. Ronald Feingold, one of plaintiff's expert witnesses, testified at his deposition that Dr. Hamby deviated from the standard of care in that he did not transfer Deborah to a major university hospital. He also testified that Dr. Hamby's percentage contract with the hospital created an improper financial incentive to keep patients in the hospital when it was not medically appropriate. Although he was critical of

Dr. Hamby's contract with the hospital, Dr. Feingold stated that the contractual arrangement did not cause Deborah's death.

Dr. Hamby testified at his deposition that Deborah was not transferred because (1) he had been advised by physicians at other hospitals that transferring her would not change the course of treatment; and (2) Deborah and her family wanted him to continue treating her since the course of treatment would not change.

In August of 1991, this case was assigned to trial. Plaintiff served a Supreme Court Rule 237(b) notice on Dr. Hamby and his professional corporation requesting that they produce, at the start of trial, income tax returns for the tax years 1980 through 1984. These defendants filed a motion *in limine* to bar any evidence relating to their financial relationship with the hospital. They also filed objections to the Rule 237(b) request.

The trial court heard arguments from plaintiff and these defendants on the Rule 237(b) request and on the motion *in limine*. The trial court denied the motion *in limine* and ordered the production of the income tax returns pursuant to Supreme Court Rule 237(b). The trial court indicated that an appropriate limiting instruction would be given to avoid prejudicing the jury.

■ The parties concede that the court has jurisdiction to hear this appeal. The laws supporting this position are abundant. An order cast in terms of a contempt proceeding imposing sanctions is a final and appealable order. This type of order is an appropriate method for testing pretrial orders. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 172, 429 N.E.2d 483.) Although occurring within the context of another proceeding, and thus having the appearance of being interlocutory, a contempt order imposing sanctions is an original special proceeding. It is collateral to and independent of the case in which the contempt arises. (*Silverstein*, 87 Ill. 2d at 172, citing *Hill v. Thomas B. Jeffery Co.* (1920), 292 Ill. 490, 127 N.E. 124; *Lester v. Berkowitz* (1888), 125 Ill. 307, 17 N.E. 706.) The trial court held Hennig in contempt for advising his clients not to comply with the order requiring production of income tax returns. The propriety of that order is clearly before this court.

Plaintiff contends that the income tax returns are discoverable because the scope of discovery is wide, and they are entitled to discover all matters which might lead to evidence admissible at trial. The trial court ordered the production of the income tax returns pursuant to Rule 237(b). That rule is not a general discovery rule, but is "designed to compel parties to produce documents or tangible things *at trial.*" (Emphasis in original.) (*Yassin v. Certified Grocers of Illinois, Inc.*

(1986), 150 Ill. App. 3d 1052, 1067, 502 N.E.2d 315.) However, the trial court's order to produce the income tax returns is proper only if the tax returns are probative of the issues in the case.

■■■ Hennig initially argues that evidence of an economic incentive in a medical malpractice case is irrelevant and, therefore, inadmissible into evidence. Relevancy is determined by reference to the issues. Generally, something is relevant if it tends to prove or disprove something in issue. (*Bauter v. Reding* (1979), 68 Ill. App. 3d 171, 175, 385 N.E.2d 886.) To establish liability in a medical malpractice claim, a plaintiff must prove (1) the standard of care in the medical community by which the physician's treatment is measured; (2) that the physician deviated from this standard of care; and (3) that a resulting injury was proximately caused by the deviation from that standard of care. *Northern Trust Co. v. Upjohn Co.* (1991), 213 Ill. App. 3d 390, 406, 572 N.E.2d 1030; *Purtill v. Hess* (1986), 111 Ill. 2d 229, 241-42, 489 N.E.2d 867.

Plaintiff claims that the income tax returns are necessary to establish Dr. Hamby's motive for deviating from the standard of care. In the present case plaintiff's burden is to prove that (1) the standard of care in the medical community required that Deborah be transferred to a major university hospital; (2) Dr. Hamby deviated from this standard of care by not transferring Deborah to such a hospital; and (3) Deborah's death or injuries were proximately caused by Dr. Hamby's failure to transfer Deborah to a major university hospital. We are not required to probe into defendants' motive in a medical malpractice claim. Motive is not an element of this cause of action. The question is, did Dr. Hamby deviate from the standard of care? The reason or motive, if any exists, is of no consequence. If the purpose of the income tax returns is to show that these defendants' economic interest was the motive for not transferring Deborah to a major university hospital, the income tax returns have no probative value to the issues in the medical malpractice cause of action.

■■ Although we are not aware of any Illinois cases addressing the issue of motive in medical malpractice claims, we find support for this court's conclusion in *Ellis v. Springfield Women's Clinic, P.C.* (1984), 67 Or. App. 359, 678 P.2d 268. The Oregon Appellate Court reversed judgment for defendants in an action for medical malpractice because the trial court improperly instructed the jury to consider whether defendants had acted in good faith. The court held that the consideration of motivation had no place in ordinary negligence actions. (*Ellis*, 67 Or. App. at 362-63, 678 P.2d at 270.) Similarly, here the income tax returns could pertain only to Dr. Hamby's motives,

and therefore, they are irrelevant to plaintiff's case and inadmissible at trial.

■ In the prayer for relief, defendants ask that this court reverse the order denying defendants' motion *in limine*. However, this court does not have jurisdiction to review that order because it is not final and appealable, and it does not fall under one of the statutory exceptions to the general rule that preliminary orders are not appealable. *Silverstein*, 87 Ill. 2d at 171.

The trial court erred in ordering Dr. Hamby to produce the income tax returns for trial. Since the trial court improperly entered the order which formed the basis for the finding of contempt, the contempt judgment is reversed.

Reversed.

HARTMAN, P.J., and DiVITO, J., concur.