CHRISTINE JONES *et al.*, Plaintiffs-Appellees, v. H.S. WEAVERS UNDERWRITING AGENCY, Intervenor for University of Chicago Hospitals, Defendant-Appellant.

First District (3rd Division)   No. 1—91—2187

Opinion filed December 30, 1992.

Robert B. Blasio and Linda L. McCarty, both of Chicago, for appellant.

Dennis M. Feinberg, of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Christine Jones and Willie Jones, brought this action in the circuit court seeking enforcement of a court-approved settlement order against defendant, H.S. Weavers Underwriting Agency, intervenor for University of Chicago Hospitals. Following a hearing, the trial court granted plaintiffs' petition and ordered University of Chicago Hospitals to tender the consideration refund issued by the underwriter of the structured settlement annuity to plaintiffs. On appeal, defendant contends that (1) the trial court erred as a matter of law when it ruled that plaintiffs were entitled to the consideration refund; and (2) the trial court erred when it considered parol evidence while interpreting the parties' settlement agreement. We reverse and remand with directions.

Plaintiffs initially brought an action in the circuit court for personal injuries allegedly caused by University of Chicago Hospitals and other named physicians. On January 31, 1991, the parties entered into a settlement agreement (Settlement Agreement) releasing University of Chicago Hospitals from all past, present and future claims in exchange for an immediate cash payment of $1,586,100 and future periodic payments to plaintiffs guaranteed by the purchase of a structured settlement annuity underwritten by Prudential Life Insurance Company (Prudential). Later that day, the trial court entered an order

approving the settlement pursuant to Circuit Court Rule 6.4 (Settlement Order). Circuit Court of Cook County Rule 6.4.

Pursuant to the Settlement Agreement, University of Chicago Hospitals immediately tendered payment to plaintiffs and Prudential. Before Prudential received payment, however, the purchase price of the annuity decreased due to volatile interest rate fluctuations caused by the Persian Gulf War. Thereafter, Prudential issued a consideration refund to University of Chicago Hospitals in the amount of $125,398. After being notified of the existence of the consideration refund, plaintiffs filed a petition to enforce the Settlement Order claiming they were entitled to the consideration refund. Following a hearing, the trial court granted plaintiffs' petition and ordered University of Chicago Hospitals to tender the consideration refund to plaintiffs. This appeal followed.

■ Defendant first contends that the trial court erred as a matter of law when it ruled that plaintiffs were entitled to the consideration refund. Interpretation of a settlement agreement is a question of law subject to *de novo* review by this court. (*Chester v. State Farm Mutual Auto Insurance Co.* (1992), 227 Ill. App. 3d 320, 325-26, 591 N.E.2d 488, 492; *Northern Trust Co. v. Brentwood North Nursing & Rehabilitation Center, Inc.* (1992), 225 Ill. App. 3d 1039, 1042, 588 N.E.2d 467, 470.) When two or more instruments are executed by the same parties in the course of the same transaction, the instruments will be considered together and construed with reference to one another. (*First National Bank v. Lively* (1991), 211 Ill. App. 3d 1, 5, 569 N.E.2d 1247, 1250.) Because the Settlement Agreement and Order here are not subject to more than one interpretation when considered jointly, it is unnecessary to consider parol or extrinsic evidence to determine the intent of the parties. See *Quality Lighting, Inc. v. Benjamin* (1992), 227 Ill. App. 3d 880, 887, 592 N.E.2d 377, 382.

Defendant argues that the language of the Settlement Agreement establishes that the parties intended for plaintiffs to release defendant from all past, present and future claims in exchange for an immediate cash settlement of $1,586,100 and future periodic payments from the structured settlement annuity. We agree. The Settlement Agreement, which represents the final and complete expression of the parties' settlement arrangement and sets forth in explicit detail the terms and conditions of the release, contains the following relevant provisions:

> "In consideration of the release set forth above, [University of Chicago Hospitals] agree to pay to the individuals named below the sums outlined in this Section 2:
>
> 2.1. Payments due at the time of settlement as follows:

$1,586,100.00 to Willie Jones, individually, and as temporary guardian of the person of Christine Jones, a disabled person, and Dennis M. Feinberg, attorney.

2.2. Periodic payments made payable to the American National Bank as guardian of the estate of Christine Jones, a disabled person (the 'Payee'), according to the schedule as follows (the 'Periodic Payments'):

$6,000.00 payable monthly beginning March 1, 1991, for the life of Christine Jones, guaranteed twenty years (240 payments), increasing at 4% compounded annually;

$200,000.00 guaranteed lump sum payable March 1, 1995;

$300,000.00 guaranteed lump sum payable March 1, 2000;

$400,000.00 guaranteed lump sum payable March 1, 2005.''

■ After considering the Settlement Agreement and Order together, it is plain that the parties intended the stream of future periodic payments from the annuity, rather than its present cost or cash value, to constitute the underlying consideration of the settlement. While plaintiffs assert that the controlling factor in their decision to execute the Settlement Agreement was the specific dollar amount of the settlement, the Settlement Agreement fails to mention either the present cost of the annuity or the total consideration paid to plaintiffs by defendant for the release. The only reference here to cash value of the annuity or total consideration paid for the release is contained in the Settlement Order, which was prepared by plaintiffs' attorney merely as a summary of the Settlement Agreement in order to apprise the court of the terms of the settlement pursuant to Circuit Court Rule 6.4. Based on the language of the Settlement Agreement, we hold that the parties intended for plaintiffs to release defendants from all past, present and future claims in exchange for an immediate cash settlement in the amount of $1,586,100 and future periodic payments from the structured settlement annuity. We, therefore, conclude that the trial court erred as a matter of law when it ruled that plaintiffs were entitled to the consideration refund. Under the circumstances, we do not address defendant's other arguments.

Accordingly, the judgment of the circuit court is reversed and the case is remanded for the entry of an order in accordance with this opinion.

Reversed and remanded with directions.

GREIMAN, P.J., and CERDA, J., concur.