FIDELITY FINANCIAL SERVICES, INC., Plaintiff, v. JOSEPH HICKS *et al.*, Defendants (Joseph Hicks *et al.*, on Behalf of Themselves and All Others Similarly Situated, Counterclaimants; Fidelity Financial Services, Inc., *et al.*, Counterdefendants; Daniel A. Edelman *et al.*, Appellants).

First District (1st Division)    No. 1—92—3934

Opinion filed October 24, 1994.

Law Offices of Daniel A. Edelman (Daniel A. Edelman and Cathleen M. Combs, of counsel), and Lawrence Walner & Associates, Ltd. (Lawrence Walner, of counsel), both of Chicago, for appellants.

Peterson & Ross, of Chicago (Lawrence X. Pusateri, Craig A. Varga, and Jonathan N. Ledsky, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Appellants, Daniel A. Edelman, Lawrence Walner, and Lawrence Walner & Associates, Ltd. (collectively Edelman), attorneys for the defendants in the underlying litigation with plaintiff, Fidelity Financial Services, Inc. (Fidelity), appeal an order they contend found them in contempt of court for violating a nondisclosure clause in a settlement agreement. This court has entertained a prior appeal in the underlying litigation (see *Fidelity Financial Services, Inc. v. Hicks* (1991), 214 Ill. App. 3d 398, 574 N.E.2d 15, *appeal denied* (1991), 141 Ill. 2d 539, 580 N.E.2d 112) (*Fidelity I*), the facts and resolution of which are not germane to this appeal.

Subsequent to *Fidelity I*, the trial court approved a settlement agreement (the Agreement) between the parties to the underlying lit-

igation in which the parties agreed to the certification of a class for resolution of their dispute. The Agreement included a nondisclosure clause which stated as follows:

> "Each class member and class counsel fully agree, understand, and promise not to discuss with anyone, other than immediate family members, the terms of [this] Agreement or the existence of this Agreement. Each class member and class counsel agree further that it is a breach of this covenant to publicize any charge or claim of unlawful conduct by Fidelity or the existence or terms of the Agreement, except for Court-required notices. *Each class member and class counsel further agree that the existence or terms of this Agreement or any charge or claim of alleged unlawful conduct by Fidelity will not be utilized or alleged in other litigation* and that such use of the existence or terms of this Agreement or any charge or claim of unlawful conduct by Fidelity is a breach of this covenant and Agreement."

The Agreement was approved by the trial court, and the parties filed it with the court. Thereafter, Edelman, as counsel in another case, Hill v. Insured Financial Acceptance Corp., No. 89 CH 5958 (Circuit Court of Cook County) (*Hill*), filed a motion for class certification which allegedly cited the Agreement in three places. These three citations were used to illustrate a single idea—that *Hill* was similar to the *Fidelity I* litigation and, thus, was appropriate for class certification. Edelman did not disclose the terms of the Agreement or any other information regarding this case beyond noting that it was a mortgage rate case that had been certified as a class action.

Fidelity sought a contempt citation against Edelman for breach of the nondisclosure clause. The trial court held a hearing on the matter and issued a ruling denying contempt relief, but finding that Edelman's citation of the Agreement was a "technical" violation of the Agreement's nondisclosure clause. Styling its order as a clarification of the Agreement, the trial court ruled that the bar of the nondisclosure clause included citation of the Agreement. The court ordered Edelman to strike all references to the Agreement in the *Hill* case and any other litigation. From this order, Edelman appeals.

Fidelity has filed a motion to dismiss this appeal contending we lack jurisdiction to review the order on appeal. Edelman identifies Supreme Court Rules 301 and 303 (134 Ill. 2d Rules 301, 303) as the jurisdictional basis for the appeal. Edelman contends that he is appealing a final order in a contempt proceeding. Fidelity asserts that because the trial court denied its request for a contempt citation, there is no final and appealable order. Edelman counters that even if

that is so, the order on appeal operates as an injunction such that it is appealable pursuant to Supreme Court Rule 307(a)(1). 134 Ill. 2d R. 307(a)(1).

◼ A party is in contempt of court when he willfully violates an order of the court. (*In re Marriage of Hartian* (1991), 222 Ill. App. 3d 566, 584 N.E.2d 245.) Contempt is punishable by the imposition of a fine, imprisonment, or other sanction. (*UIDC Management Co. v. Pledge of Resistance* (1988), 177 Ill. App. 3d 511, 513, 532 N.E.2d 253.) A contempt order is interlocutory and, thus, nonappealable, unless the court imposes a sanction for any contemptuous act, in which case the contempt proceedings are viewed as a separate action, collateral to the primary proceedings. *Bearden v. Hamby* (1992), 240 Ill. App. 3d 779, 608 N.E.2d 282, *appeal denied* (1993), 149 Ill. 2d 647, 612 N.E.2d 510; *UIDC Management*, 177 Ill. App. 3d at 513; *In re Marriage of Buchmiller* (1985), 135 Ill. App. 3d 182, 185, 481 N.E.2d 1077.

◼ Here, the trial court's order plainly denies Fidelity's request for a contempt citation. Indeed, during the hearing on Fidelity's rule to show cause, the trial court stated it found no intentional violation of the Agreement by Edelman. Even more plainly, the trial court's order imposes no sanction on Edelman for his "technical violation" of the Agreement. Rather, the order merely instructs Edelman to abide by the Agreement entered into by the parties. When an order accomplishes no more than implementing prior orders of the court, occasioning no new liability on the part of the alleged contemnor, the order does not "prejudice, disable, or penalize" so as to create a final, appealable order. (*Buchmiller*, 135 Ill. App. 3d at 185.) Thus, the order appealed in this case, even if characterized as a contempt citation, is a nonfinal one, not appealable under Rules 301 and 303.

However, Edelman asserts that because the trial court's order imposes a prior restraint on speech, it is, in effect, an injunction, appealable under Supreme Court Rule 307(a)(1). (134 Ill. 2d R. 307(a)(1).) That rule, of course, permits appeals from orders granting injunctions.

◼ Generally, an injunction is "a judicial process, by which a party is required to do a particular thing, or to refrain from doing a particular thing." (*In re A Minor* (1989), 127 Ill. 2d 247, 261, 537 N.E.2d 292.) Certainly, the trial court did not purport to enter an injunction in this case. Nor was it even requested to do so. The order stated that because Edelman's citation of the Agreement in other litigation violated the nondisclosure clause, Edelman was to discontinue such citation. Simply put, Edelman was to abide by the Agreement. This is not an injunction in the classic sense of the term because it appears to lack "any trait of compulsion." *Hamilton v. Williams*

(1992), 237 Ill. App. 3d 765, 777, 604 N.E.2d 470, *appeal denied* (1993), 149 Ill. 2d 649, 612 N.E.2d 512.

Nonetheless, our courts have increasingly recognized that some orders, though not injunctive in form, are injunctions in substance so as to be subject to immediate appeal. Trial court orders "having the force and effect of injunctions are appealable even if labeled as something else." (*Hamilton*, 237 Ill. App. 3d at 776.) Thus, when an order "impinges upon or restrains a party's rights external to the litigation," it possesses "sufficient injunctive qualities so as to render it immediately appealable as of right." (*Hamilton*, 237 Ill. App. 3d at 778.) Furthermore, our supreme court has held that "interlocutory restraints upon publication of information are reviewable as interlocutory injunctive orders under Rule 307(a)(1)." *In re A Minor*, 127 Ill. 2d at 263. See *Cummings v. Beaton & Associates, Inc.* (1989), 192 Ill. App. 3d 792, 796, 549 N.E.2d 634.

■ We would not hesitate to apply *In re A Minor* in this case were it not for the fact that the court order here enforced a private agreement forbidding the citation of a court document by an attorney. The cases we have reviewed have involved judicial restrictions upon the media. Nonetheless, "when the effect of [a court order enforcing a private agreement] is to deny [any] rights subject to the protection of the [constitution]," State action is present and the constitutional commands override the private agreement. (*Shelley v. Kraemer* (1948), 334 U.S. 1, 20, 92 L. Ed. 1161, 1184, 68 S. Ct. 836, 845.) The United States Court of Appeals for the District of Columbia has recognized that a judicial order enforcing a private agreement not to disclose information is a prior restraint implicating first amendment rights. (See *In re Halkin* (D.C. Cir. 1979), 598 F.2d 176, 189-90.) In this case, Judge Green approved a private restriction on speech, which, when enforced in the order on appeal, rendered the order an injunction. These decisions, in conjunction with *In re A Minor*, give us jurisdiction to entertain this appeal.

Having so held, we turn to the significant issue of law presented by this appeal, namely, whether, despite his clients' private agreement that no attorney involved in the litigation may utilize the Agreement in other litigation, Edelman has the right to cite the Agreement, a court document that is a part of the public record. No case of which we are aware addresses this precise issue.

■ Public policy strongly favors the freedom to contract as is manifest in both the United States Constitution and in the Illinois Constitution. (*McClure Engineering Associates, Inc. v. Reuben H. Donnelly Corp.* (1983), 95 Ill. 2d 68, 447 N.E.2d 400.) Illinois public policy also favors the resolution of disputes by way of settlement agreement.

(*Haisma v. Edgar* (1991), 218 Ill. App. 3d 78, 578 N.E.2d 163.) However, the attorneys in this litigation are not parties to the Agreement—though they purport to be bound by it—and thus, the right to contract is not implicated in this case.

■ Still, the construction and enforcement of settlement agreements are governed by principles of contract law. (*Haisma*, 218 Ill. App. 3d at 87.) Settlement agreements which are approved by a court are voidable only if obtained by fraud, duress, or if against some countervailing public policy. Certainly, there is a presumption of validity and enforceability attaching to the Agreement, including the nondisclosure clause. As both parties acknowledge, nondisclosure clauses, such as the one at issue, are common attributes of settlement agreements. However, because the Agreement identified a class for purposes of settling a class action, the parties filed the Agreement and it became a part of the public record in this case.[1]

Under Illinois law any document which is part of the public court file, as is the Agreement, is subject to a common law, as well as a first amendment, right of access to court files. (*In re Marriage of Johnson* (1992), 232 Ill. App. 3d 1068, 1072, 598 N.E.2d 406.) In order to overcome the right of access, a party must demonstrate a compelling governmental interest exists and that the resulting restriction on access is narrowly tailored to meet this interest. *In re Marriage of Johnson*, 232 Ill. App. 3d at 1072.

*In re Marriage of Johnson* was a dissolution case in which a newspaper sought access to certain court records which had been impounded by the trial court. In permitting access to those impounded documents which had been filed with the trial court, the appellate court stressed that "[o]nce documents are filed with the court, they lose their private nature and become part of the court file and 'public component[s]' of the judicial proceeding [citation] to which the right of access attaches. *** The file of a court case is a public record to which the people and the press have a right of access." (*Marriage of Johnson*, 232 Ill. App. 3d at 1074.) Significantly, the court excluded from its ruling a settlement agreement, the terms of which had been revealed to the trial court but which had not been filed with the trial court. This settlement agreement retained its private nature and, thus, did not have to be disclosed. *Marriage of Johnson*, 232 Ill. App. 3d 1068, 598 N.E.2d 406.

---

[1]Class litigation has unique characteristics. Plaintiffs are required to "opt into" the action. Thus, a settlement agreement which identifies the class must necessarily be on the record, unlike a settlement agreement which applies only to the parties before the court.

In a concurring opinion, Justice Steigmann offered a view of the holding in *Marriage of Johnson* particularly germane to the current appeal:

"The court's decision today imposes no undue burden on those litigants who, for whatever reason, wish to keep their personal affairs private. For instance, when a suit for damages is settled, the court does not require a statement for why and how; instead, the court merely requires an appropriately signed motion to dismiss. The parties to that case are free to make whatever contractual arrangements they wish as part of their settlement agreement *and keep it to themselves* by simply not making it part of the court record." (Emphasis in original.) (*In re Marriage of Johnson*, 232 Ill. App. 3d at 1076 (Steigmann, J., specially concurring).)

As an additional reflection on the policy of access to public court files, Rule 3.6(c)(2) of the ABA Model Rules of Professional Conduct provides that attorneys may reveal "the information contained in a public record."

■ We cannot, consistent with the right of access to public court files, restrain an attorney from citing such records.[2] Indeed, we believe that the right of access to court documents necessarily includes an attorney's right to cite such documents. We discern no compelling interest in permitting the world at large access to cite the Agreement—indeed, the public has even the right to copy the Agreement (*In re Marriage of Johnson*, 232 Ill. App. 3d at 1072)—but restricting access of the parties to the Agreement and their attorneys. The mere desire for secrecy cannot suffice (see *In re Marriage of Johnson*, 232 Ill. App. 3d at 1075 (Steigmann, J., specially concurring), particularly when, as here, the public has unrestricted access to the very documents sought to be kept secret.

Attorneys must be permitted to cite anything that is in the public record, agreements to the contrary notwithstanding. To hold otherwise would not only deprive courts and litigants of the opportunity to have issues presented completely and fairly, thus undermining our open judiciary, but would require attorneys to face the Hobson's choice between being found in contempt for citing such matter and being subject to malpractice claims for knowingly not

---

[2]Cf. *Crosby v. Bradstreet Co.* (2d Cir. 1963), 312 F.2d 483, *cert. denied* (1963), 373 U.S. 911, 10 L. Ed. 2d 412, 83 S. Ct. 1300, in which the court, citing the Supreme Court's decision in *Shelley v. Kraemer*, held that a trial court has no authority to enter an order enforcing a private agreement restricting the dissemination of information. *Crosby*, 312 F.2d at 485.

citing it when it might well be decisive matter in another case. In addition, instances of conflict of interest would be greatly increased.

In any event, we do not believe the trial court's interpretation of the nondisclosure clause was necessarily that contemplated by the parties. Indeed, the trial court acknowledged that the clause was vague—that the "parties should have been a little more careful in how [they] wrote it," and that Edelman's violation was "[t]hrough inadvertence and the fact that [the Agreement] wasn't clear." By its terms, the clause forbids counsel from "utilizing or alleging" "the existence or terms of [the] Agreement" in other litigation.

We have examined Edelman's citation of this case in the *Hill* litigation. The citations to this litigation in *Hill* neither allege the existence of the Agreement nor utilize the Agreement, that is, reveal its terms to gain advantage.[3] Rather, they simply note that because the underlying litigation, like *Hill*, involves mortgage rates and was certified as a class action, so *Hill* should be certified. Nonetheless, even if Edelman's citations did run afoul of the intent of the parties in drafting the nondisclosure clause, we would not enforce it for to do so would constitute an unlawful restriction on the right of access to court records, which necessarily includes an attorney's right to cite public records. Although we realize this holding may create some hardship for corporations that seek nondisclosure in class litigation, we also point out that class litigation is, by its nature, a more public spectacle than a dispute between two litigants. The trial court's order is vacated.

Order vacated.

CAMPBELL, P.J., and MANNING, J., concur.

---

[3] In a strict sense, the citations did not mention the Agreement at all.