ALBA M. KINKIN *et al.*, Trustees, *et al.*, Plaintiffs-Appellees, v. MARY MAGNANI MARCHESI, Defendant-Appellant.

Third District   No. 3—90—0228

Opinion filed April 25, 1991.

Law Offices of Henry S. Dixon, of Dixon (Henry S. Dixon, of counsel), for appellant.

Charles W. Helmig, of Granville, for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

■ This is an appeal taken by the defendant, Mary Marchesi, from an order of the circuit court of Putnam County granting partial summary judgment in favor of the plaintiffs, Alba Kinkin, Raymond Johnson, and Minnie Johnson, as to counts I and II of a six-count complaint. The order granted partial summary judgment as to counts I and II excepting certain joint accounts held between the defendant and her sister, Dalema Cattani, and any money included in the contents of a certain cedar chest at the time of Dalema's death: The trial court further granted the defendant's motion for summary judgment as to counts III, IV, V, and VI. In addition, although it was not brought to this court's attention by the parties in their respective briefs, at oral argument we ordered the parties to file supplemental briefs on the issue whether the trial court order was final and appealable. After reviewing the record and the supplemental brief filed herein, we find that we lack jurisdiction to hear this appeal because no final and appealable order was entered by the trial court. For this reason, we find it unnecessary to reach the merits of this appeal and the appeal is dismissed.

The record shows that Virgilio and Dalema Cattani executed a joint and mutual will on November 3, 1975. Virgilio Cattani died November 18, 1978, survived by his wife and two children, plaintiffs Alba Kinkin and Minnie Johnson. Virgilio's will was probated and the estate administered and settled.

Dalema likewise executed the same will. Dalema died on February 19, 1986, and the will signed by her and Virgilio on November 3, 1975, was admitted to probate as the last will of Dalema Cattani. The estate's inventory included the value of joint tenancy bank deposits which Dalema had created with her sister, the defendant.

The joint tenancies of Dalema and the defendant were not delivered to the executors of the last will of Dalema or to the trustees un-

der the last will of Virgilio, prompting the filing of this cause of action.

It is the duty of this court to consider whether it has jurisdiction to hear an appeal even though this issue was not raised by the parties. (*Keen v. Davis* (1969), 108 Ill. App. 2d 55, 246 N.E.2d 467.) To be final and appealable, the order appealed from must terminate and dispose of the parties' rights regarding issues in the suit so that, if affirmed, the trial court has only to proceed with the execution of judgment. (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371.) Where an order of the court leaves a cause still pending and undecided, it is not a final order. (*Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918.) The purpose of this rule is to prevent a multiplicity of suits and piecemeal appeals. *Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712.

The plaintiff filed a six-count complaint. Counts I and II essentially seek the return of certain monies held in joint tenancy between the defendant and Dalema. Counts III and IV sound in the tort of inducing a breach of contract. Counts V and VI allege fraud based on undue influence exercised by the defendant.

The defendant argues in her supplemental brief that the trial court order essentially disposed of all issues in dispute and that it was therefore an appealable order. The defendant points out that a final order need not be the last thing done in a case and that in the instant case all that remains to be done is an accounting of certain monies. We agree that a final order need not be the last thing done in a case; however, we cannot agree with the defendant's assertion that all that is left in the instant case is merely an accounting of certain monies.

The trial court's order, which did not contain language from Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), failed to dispose of the issues concerning the joint accounts held between the defendant and Dalema established at the time and execution of the joint will and failed to resolve the dispute surrounding the contents of the cedar chest. A cedar chest sounds innocuous enough; however, the cedar chest in the instant case has, in the past, contained up to $6,000 in cash by some estimates. In addition, the contents of this cedar chest remain in dispute. A mere accounting is not all that is required to resolve this dispute for there are individuals who may testify to certain events surrounding the cedar chest which will have a bearing on the decision as to what the cedar chest actually contains. We also note that the issue surrounding the joint accounts remains to be decided.

Furthermore, we are not persuaded by the defendant's reliance on *Merchants National Bank v. Weinold* (1959), 22 Ill. App. 2d 219, 160 N.E.2d 174. In *Weinold,* the issue before the court was what effect a later drafted will had on a trust. The court held that the will did not alter or revoke the trust. In contrast to *Weinold,* the instant proceeding was brought as an independent action with disputed claims yet to be resolved. In essence, unlike *Weinold,* more than an accounting has yet to be decided in the instant case.

Accordingly, for the reasons stated, a final and appealable order has not been presented for a disposition by this court and the appeal is dismissed.

Appeal dismissed.

BARRY and GORMAN, JJ., concur.