THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. MELVIN REY-
NOLDS, Defendant (Chicago Tribune Company, Intervenor-Appellant).

First District (4th Division)    No. 1—95—2583

Opinion filed August 8, 1995.

HOFFMAN, P.J., dissenting.

James A. Klenk, Samuel Fifer, and Michael R. Lufrano, all of Sonnens-
chein, Nath & Rosenthal, of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solic-
itor General, of counsel), for the People.

JUSTICE CAHILL delivered the opinion of the court:

We address an appeal by Chicago Tribune Company from an or-
der entered by the trial court in this criminal trial. We dismissed an
earlier appeal for lack of jurisdiction in an order dated July 19, 1995.
We dismiss this appeal for lack of jurisdiction as well.

On June 28, 1995, the Tribune filed a "Petition for Access to
Sidebar and In-Chambers Conferences" in this case. It requested ac-
cess to "*all* recordings and transcripts of *any* sidebar conferences
conducted at trial." (Emphasis added.) The trial court ruled that it
would allow the Tribune access to all sidebar conferences at the end

of the trial, but then entered a written order that in form appeared to be a final and appealable order under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

The Tribune appealed and we declined jurisdiction, holding in part: "Taken literally, the order merely denied a pretrial motion for blanket access to the transcripts of all sidebar conferences which might take place during the course of the trial. *** [T]hat decision cannot be fully and finally made until the content of the sidebar conference is known and the defendant has had the opportunity to assert his rights. An order that purports to finally determine the rights of a party to a controversy, which at the same time effectively forecloses the right of another party before it can be asserted, cannot be a final order." *People v. Reynolds* (1st Dist. 1995), No. 1—95—2260 (unpublished order under Supreme Court Rule 23).

After we issued our first order, the Tribune filed, in the circuit court, a motion for reconsideration of the July 5, 1995, order and for access to transcripts of sidebar conferences held on July 25, 1995. The court held a hearing and denied the motion on July 26, 1995. The court then entered an order which states:

> "1. Tribune's motion for access to transcripts of sidebar conferences of July 25, 1995, is hereby denied;
> 2. The court reporter is hereby ordered to not release transcripts of the two sidebar conferences conducted on the record prior to the court's lunchbreak on the morning of July 25, 1995."

The Tribune filed a notice of appeal on July 27, 1995. It also filed a motion to expedite the appeal, which we granted.

As with the order under review in the first appeal, we are required to examine the substance of the order before us, not just its form, and determine independently of the trial court or the parties whether we have jurisdiction. *Kinkin v. Marchesi* (1991), 213 Ill. App. 3d 176, 571 N.E.2d 501.

The Tribune contends, as it contended in its first appeal, that this court now has jurisdiction under Supreme Court Rule 304 or, in the alternative, under Rules 301 and 303 "pursuant to the collateral order doctrine as articulated in *Cohen v. Beneficial Industrial Loan Corporation* (1949), 337 U.S. 541." We rejected each basis for jurisdiction in our order dismissing the first appeal. We reject them here for the reason set out below. We also reject the Tribune's statement made in its brief that this court "suggested Tribune seek access to a particular sidebar transcript, the denial of which would constitute a final order that would confer jurisdiction." Our order of July 19, 1995, contains no such suggestion or conclusion.

The order under review—and the serious constitutional issues properly raised in the Tribune's brief—cannot be lifted out of the

context in which the order arose. The trial court, in an oral ruling on July 5, 1995, made it perfectly clear that all sidebar transcripts would be released to the media at the end of the trial. This ruling sharpens our focus: the issue is not one of presumption of access, but *when* access—in conformity with first amendment principles the Tribune relies upon in its brief—should be allowed. The trial court has resolved the issue of access in favor of the Tribune by holding that the transcripts will be released to it at the end of the trial. The order of July 26, 1995, was, in our view, a ministerial and administrative implementation of the court's previous oral ruling. The order was drafted by the Tribune with language to support a characterization of finality (see 134 Ill. 2d R. 304), but, as we have noted, we have the duty to examine the substance as well as the form. When the record of everything the trial court carefully enunciated in the hearings that preceded entry of the orders of July 5 and July 26 is examined, the ministerial nature of the orders is clear. The trial court never modified or withdrew its ruling granting access to the Tribune of all sidebar transcripts at the end of the trial.

We reject the idea that in a criminal trial, and under the circumstances in this case, a denial of contemporaneous access to sidebar conferences is final and appealable under Rule 304(a) or Rule 301 while the trial is in progress.

We must, however, examine the order, though not final, to determine whether it is the sort of interlocutory order appealable under Supreme Court Rule 307(a)(1). The parties have not raised the issue. Our duty to determine independently of the parties or the trial court whether we have jurisdiction would, under ordinary circumstances, prompt us to order the parties to brief the question. But the Tribune requested and was granted a motion to expedite. So we consider it appropriate to confront the question without benefit of briefs.

■ Rule 307(a)(1) allows an appeal to be taken to the appellate court from an interlocutory order of court "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." (134 Ill. 2d R. 307(a)(1).) An injunction is defined as a "prohibitive, equitable remedy issued or granted by a court at the suit of a party complainant, directed to a party defendant in the action, or to a party made a defendant for that purpose, forbidding the latter to do some act *** which he is threatening or attempting to commit." Black's Law Dictionary 705 (5th ed. 1979); see also *In re A Minor* (1989), 127 Ill. 2d 247, 537 N.E.2d 292.

■ In *In re A Minor*, the trial court entered an order which prohibited a newspaper from publishing the name of a minor the

newspaper had already obtained from a nonjudicial source. The supreme court held the order was a restraint upon publication reviewable under Rule 307(a)(1) as an interlocutory injunction. The supreme court also stated: "Not every nonfinal order of a court is appealable, even if it compels a party to do or not to do a particular thing. Orders of the circuit court which can be properly characterized as 'ministerial,' or 'administrative'—because they regulate only the procedural details of litigation before the court—cannot be the subject of an interlocutory appeal." *In re A Minor*, 127 Ill. 2d at 261-62.

We distinguish the court's holding in *In re A Minor* on the ground that the trial court in this case did not enjoin the Tribune from publishing information. The Tribune was not enjoined from doing anything. The order entered by the trial court does not prevent the Tribune from publishing information in its possession or from writing whatever it pleases, and so is not a prior restraint. The Tribune may obtain and publish whatever information it desires from any source except the court reporter. The Tribune is not prevented from investigating other available sources to obtain the desired information. We do not interpret the court's order which temporarily limits access to sidebar transcripts as an injunction applicable to the Tribune. We conclude that this court is without jurisdiction to entertain this appeal.

Appeal dismissed. Mandate to issue *instanter*.

S. O'BRIEN, J., concurs.

PRESIDING JUSTICE HOFFMAN, dissenting:
The conclusion of the majority finding a lack of jurisdiction under Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)) rests, in the main, upon the premise that the order from which this appeal is taken is "ministerial and administrative" in nature. I disagree with the premise and dissent from the conclusion.

While the majority supports its rationale by reference to a quote from *In re a Minor* (1989), 127 Ill. 2d 247, the passage is taken out of context and fails to include two following sentences which are critical to the jurisdictional issue in this case. The complete statement from the opinion is:

> "Not every nonfinal order of a court is appealable, even if it compels a party to do or not do a particular thing. Orders of the circuit court which can be properly characterized as 'ministerial,' or 'administrative'—because they regulate only the procedural

details of litigation before the court—cannot be the subject of an interlocutory appeal. (See *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171 (stating that discovery orders and subpoenas are not appealable interlocutory orders).) Such orders may be considered noninjunctive because they did not form part of the power traditionally reserved to courts of equity, but, instead, were part of the inherent power possessed by any court to compel witnesses to appear before it and give testimony. (See *JFS v. ABMJ* (1983), 120 Ill. App. 3d 261, 262.) *They do not affect the relationship of the parties in their everyday activity apart from the litigation,* and are therefore distinguishable from traditional forms of injunctive relief." (Emphasis added.) (127 Ill. 2d at 261-62.)

Additionally, the majority fails to note that the court in *Minor* overruled the holding in *JFS v. ABMJ* (1983), 120 Ill. App. 3d 261, which employed a strikingly similar "ministerial act" analysis to decline Rule 307(a)(1) jurisdiction over an appeal from a provisional order impounding a court file. *Minor*, 127 Ill. 2d at 263.

The case at bar is not an appeal from a discovery order or the issuance of a subpoena, and the right affected does not arise out of the Tribune's relationship to the State's prosecution of Melvin Reynolds; it is of constitutional origin. The public and the press have a qualified first amendment right to attend criminal trials. (*Globe Newspaper Co. v. Superior Court* (1982), 457 U.S. 596, 73 L. Ed. 2d 248, 102 S. Ct. 2613; *Richmond Newspapers, Inc. v. Virginia* (1980), 448 U.S. 555, 65 L. Ed. 2d 973, 100 S. Ct. 2814.) Embodied within this right to attend is a right of access to transcripts of the proceedings. See *Press-Enterprise Co. v. Superior Court* (1986), 478 U.S. 1, 92 L. Ed. 2d 1, 106 S. Ct. 2735 (*Press-Enterprise II*); *Press-Enterprise Co. v. Superior Court* (1984), 464 U.S. 501, 78 L. Ed. 2d 629, 104 S. Ct. 819 (*Press-Enterprise I*).

Because the trial court announced, at a prior hearing, its intention to release the transcripts of all sidebar conferences closed to the public at the conclusion of the trial, the majority seemingly holds that the order denying the Tribune immediate access to the two transcripts in issue is "a ministerial and administrative implementation" of the prior ruling. Following this reasoning to its logical conclusion, so long as the judge in a criminal trial agrees to release the transcripts of portions of the trial closed to the public at some specified future time, no first amendment rights are abridged as access will come some day. I disagree. Unless a case can be made that denial of access to transcripts of those portions of a criminal proceeding which have been closed to the public is "essential to preserve higher values and is narrowly tailored to serve that interest" (*Press-*

*Enterprise I,* 464 U.S. at 510, 78 L. Ed. 2d at 638, 104 S. Ct. at 824), access should be immediate. See *Nebraska Press Association v. Stuart* (1976), 427 U.S. 539, 49 L. Ed. 2d 683, 96 S. Ct. 2791; *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.* (7th Cir. 1994), 24 F.3d 893, 897.

To my mind, the order which is the subject of this appeal impacted upon a right enjoyed by the Tribune from a source external to the underlying litigation and can in no sense be characterized as merely ministerial and administrative in nature. See *Hamilton v. Williams* (1992), 237 Ill. App. 3d 765.

The real questions that ought be addressed in determining this court's jurisdiction under Rule 307(a)(1) are whether the order appealed from is injunctive in nature and, if it is, whether the Tribune has standing to bring this appeal. Since, for the reasons which follow, I find that the answer to both questions is yes, I believe we have jurisdiction and should address the merits of the issues raised.

To determine whether an order is injunctive in nature, a court must look beyond form or style and address the substance of the order. (*Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177.) There is no doubt that the order which is the subject of this appeal denied the Tribune access to transcripts of two specified sidebar conferences and ordered the court reporter not to release those transcripts. To the extent that the court reporter was ordered *not to* do a specified act, the order has the traditional indicia of an injunction. The fact that the order was directed to a nonparty does not deprive it of its injunctive character. As the court in *Minor* observed, albeit in a somewhat different context, "nonparties have often been the subject of injunctions." (*Minor,* 127 Ill. 2d at 263.) But more importantly, since the order impinged upon a constitutional right possessed by the Tribune, I believe it possesses sufficient injunctive qualities to render it appealable under Rule 307(a)(1). See *Fidelity Financial Services, Inc. v. Hicks* (1994), 267 Ill. App. 3d 887; *Hamilton,* 237 Ill. App. 3d at 778.

As to the Tribune's standing to prosecute this appeal, the rule is well settled that, subject to jurisdictional limitations, a party of record may appeal if it considers itself aggrieved by an order. (*Vece v. De Biase* (1964), 31 Ill. 2d 542; *Harrison v. Kamp* (1946), 395 Ill. 11.) The Tribune has asserted, and no one has denied, that the trial court granted its motion to intervene in these proceedings. Further, as the Tribune's constitutional rights have been affected by the order in issue, its status as an aggrieved party is not seriously in doubt. But even if no formal order of intervention was ever granted, the Tribune would still have standing to appeal, as a nonparty has stand-

702

ing to appeal if its interest in the order appears in the transcript of the record and it would be prejudiced by the order or benefited by its reversal. See *In re Estate of Tomlinson* (1976), 65 Ill. 2d 382; *Gibbons v. Cannaven* (1946), 393 Ill. 376; *People ex rel. Yohnka v. Kennedy* (1937), 367 Ill. 236.

I agree with the majority that we have no jurisdiction under Rule 301 (134 Ill. 2d R. 301) for the same reasons given in our order disposing of the Tribune's first appeal in this case. And while I also agree with the conclusion that we lack jurisdiction under Rule 304(a) (134 Ill. 2d R. 304(a)), I note that the majority offers no explanation or reasoning in support of its finding on the issue. This case is not in the same factual or procedural posture as the Tribune's prior appeal, and our lack of jurisdiction under Rule 304(a) cannot be determined without taking those changed circumstances into consideration. However, I find that no useful purpose would be served in setting forth my reasoning on the question of jurisdiction under Rule 304(a), as I have already articulated my belief that our jurisdiction attaches under Rule 307(a)(1). See *People v. Smith* (1989), 188 Ill. App. 3d 387, 391.