TIG INSURANCE COMPANY, Plaintiff and Counterdefendant-Appellee, v. SCOTT I. CANEL *et al.*, Defendants and Counterplaintiffs-Appellants (WW Westwood Center, LLC, Defendant-Appellee).

First District (2nd Division)   No. 1—08—1251

Opinion filed March 24, 2009.—Rehearing denied April 23, 2009.

Canel, Davis & King, of Chicago (Peter M. King and William H. Jones, of counsel), for appellants.

Bollinger, Ruberry & Garvey, of Chicago (Bryan G. Schumann, Lisa Thaviu, and J. Anthony Carozza, of counsel), for appellee TIG Insurance Company.

Novack & Macey, LLP, of Chicago (Stephen Novack and Courtney D. Tedrowe, of counsel), for appellee WW Westwood Center, LLC.

JUSTICE CUNNINGHAM delivered the opinion of the court:

Scott I. Canel and Scott I. Canel and Associates (collectively Canel Associates), as insureds, appeal from the circuit court of Cook County's May 7, 2008, order staying a complaint for declaratory judgment filed by TIG Insurance Company (TIG) against Canel Associates and WW Westwood Center, LLC (WWWC), pending the resolution of WWWC's underlying legal malpractice lawsuit against Canel Associates (the underlying action). WW Westwood Center, LLC v. Canel, No. 07—L—001155. On interlocutory appeal, Canel Associates argue that the circuit court abused its discretion by staying the proceedings because the stay was based on the court's mistaken belief that TIG was entitled to suspend its obligation to pay defense costs. For the following reasons, we affirm.

## BACKGROUND

On February 8, 2007, WWWC filed a cause of action (the underlying complaint) against Canel Associates for legal malpractice. The underlying complaint alleged that Canel Associates, in the course of their representation of WWWC, breached the duty owed to WWWC by failing to disclose a conflict of interest to WWWC and by failing to provide a necessary easement in connection with the purchase of land in February 2001 (the transaction), to the detriment of WWWC, but to the benefit of Canel Associates. Canel Associates were covered by a policy of professional liability insurance issued by TIG (the TIG policy). It was a "claims made and reported policy" which was effective between December 1, 2001, and December 1, 2002. Canel Associates also purchased from TIG an extended reporting period endorsement at the end of the policy term for the policy in question. On April 5, 2007, Canel Associates filed an answer to the underlying complaint by WWWC, denying that they were acting as WWWC's attorneys during the transaction in question.

Canel Associates then tendered the defense of the underlying action to TIG, which responded with a six-count complaint for declaratory judgment (the declaratory judgment action) denying a duty to defend or indemnify Canel Associates in the underlying action. Count

I of TIG's declaratory judgment action alleged that the underlying complaint against Canel Associates "does not allege that there is an act, error, omission or [p]ersonal [i]njury arising from [p]rofessional [s]ervices rendered or which should have been rendered by the [i]nsured as defined by the TIG policy." Count II alleged that the TIG policy was not triggered because Canel Associates had a reasonable basis to foresee that a claim would be made prior to the inception of the TIG policy on December 1, 2001, because they "knew or should have known that a wrongful act, error or omission or personal injury had occurred in the transactions" before the start of the coverage period. Count III alleged that the claims in the underlying complaint against Canel Associates "arise out of dishonest, fraudulent, criminal malicious and/or knowingly wrongful acts, errors, omissions and/or deliberate misrepresentations," as excluded by the TIG policy. Count IV alleged that the TIG policy exclusions were triggered because the claims in the underlying complaint against Canel Associates arise out of the "conversion, misappropriation, embezzlement, commingling, defalcation or ethically improper use or disposal of funds or other property." Count V alleged that coverage is excluded because Canel Associates rendered professional services to an entity of which they own an interest of 30% or more. Count VI alleged that the claims in the underlying complaint arise out of "an obligation assumed by contract other than an obligation to perform professional services."

The insuring agreement of the TIG policy is only triggered when "neither the [i]nsured, [nor] the [i]nsured's management committee knew or should have known that a wrongful act, error or omission or [p]ersonal [i]njury had occurred or had a reasonable basis to foresee that a [c]laim would be made against an [i]nsured."

Exclusion A.1 of the TIG policy excluded coverage for any claim or claims arising out of "any judgment or final adjudication based upon or arising out of any dishonest, fraudulent, criminal, malicious or knowingly wrongful act, error, omission or [p]ersonal [i]njury or deliberate misrepresentation committed by, at the direction of, or with the knowledge of the [i]nsured."

Exclusion A.7 of the TIG policy excluded coverage for any claim or claims arising out of "any judgment of final adjudication based upon the conversion, misappropriation, embezzlement, commingling, defalcation or ethically improper use or disposal of funds or other property."

Exclusion A.10 of the TIG policy excluded coverage for any claim or claims arising out of "the rendering or failure to render [p]rofessional [s]ervices by an [i]nsured, with or without compensation, to any corporation, fund, trust, association, partnership, limited partnership,

business enterprise or other venture, other than the [n]amed [i]nsured, *** where any [i]nsured *** holds or was intended to hold a pecuniary or beneficial interest of 30% or more."

Exclusion A.13 of the TIG policy excluded coverage for any claim or claims arising out of "an obligation assumed by contract other than an obligation to perform [p]rofessional [s]ervices."

On May 2, 2007, Canel Associates responded to TIG's declaratory judgment action by filing a counterclaim for declaratory judgment seeking a declaration that TIG is obligated to defend Canel Associates in the underlying action and requesting that the circuit court enter judgment in Canel Associates' favor for fees and expenses incurred to date. Further, Canel Associates filed a motion for judgment on the pleadings, pursuant to section 2—615(e) of the Code of Civil Procedure (735 ILCS 5/2—615(e) (West 2006)), seeking a declaration that TIG must defend Canel Associates against the underlying action. Canel Associates also sought judgment for fees, costs and expenses incurred to date in defending the underlying claim and dismissal with prejudice of TIG's declaratory judgment action to the extent that it seeks a declaration as to the duty to defend. Canel Associates also sought dismissal without prejudice as to TIG's duty to indemnify.

On August 14, 2007, after hearing arguments on Canel Associates' motion for judgment on the pleadings, the circuit court entered an order granting Canel Associates' motion with prejudice as to counts I, III, IV and V of TIG's declaratory judgment complaint, as they relate to the duty to defend. The circuit court held that those counts had no basis on which TIG may avoid its duty to defend. However, the circuit court denied Canel Associates' motion for judgment on the pleadings as to counts II and VI, holding that they "present potential fact issues which cannot be resolved on a motion for judgment on the pleadings." In its order, the circuit court also directed TIG to file an amended complaint naming WWWC as a necessary party to its declaratory judgment action against Canel Associates.

On September 4, 2007, TIG amended its declaratory judgment complaint (the amended complaint) to include WWWC as a party and, subsequently, initiated discovery. On February 22, 2008, TIG served interrogatories and document requests on WWWC.

On April 3, 2008, WWWC filed a motion to either dismiss the amended complaint without prejudice, or to stay the declaratory judgment action. WWWC argued that resolution of the declaratory judgment action would "necessarily involve adjudication of at least two key issues that are to be resolved in the underlying case," in contravention of the ruling in *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187, 355 N.E.2d 24 (1976), and its progeny.

On May 7, 2008, the circuit court granted WWWC's motion to stay the proceeding, pending resolution of the underlying legal malpractice action against Canel Associates. At the hearing on the motion to stay, Canel Associates argued that TIG's filing of the declaratory judgment complaint did not excuse TIG's obligation to pay the defense costs as they were incurred by Canel Associates in the underlying action. Canel Associates then requested the opportunity to file a brief on that issue, which the circuit court refused, stating:

"I don't know how you are going to get me to force them to pay defense—to declare a duty to defend when everybody is telling me here it is premature for me to declare a duty to defend. That's the whole point of this.

So how am I going to say I can't rule on a duty to defend, but I am going to tell you you have to defend in the meantime.

I don't know what support you have got for that. You are in a pickle here, I understand that, but I think you are in a pickle.

\* \* \*

I am going to grant the motion to stay. I don't want any briefs on any defense costs or anything."

On May 19, 2008, Canel Associates filed an amended notice of interlocutory appeal before this court, pursuant to Supreme Court Rule 307 (188 Ill. 2d R. 307), requesting this court to reverse the circuit court's May 7, 2008, order which stayed the proceedings regarding the pending declaratory judgment action, and to remand this case to the circuit court with directions to proceed.

## ANALYSIS

The following two issues are presented before this court: (1) whether the appellate court has jurisdiction to hear this appeal; and (2) whether the circuit court abused its discretion in staying the declaratory judgment proceedings.

We first address the threshold issue of jurisdiction. An appeal as of right under Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)) may be made to this court from an interlocutory order of the circuit court "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." An injunction is defined as a " 'prohibitive, equitable remedy issued or granted by a court at the suit of a party complainant, directed to a party defendant in the action, or to a party made a defendant for that purpose, forbidding the latter to do some act.' " *People v. Reynolds*, 274 Ill. App. 3d 696, 698, 654 N.E.2d 535, 537 (1995), quoting Black's Law Dictionary 705 (5th ed. 1979). Simply put, an injunction is a " 'judicial process operating in personam and requiring [a] person to whom it is directed to do or refrain from doing a particular thing.' " *In re A Minor*, 127 Ill. 2d 247, 261, 537 N.E.2d

292, 298 (1989), quoting Black's Law Dictionary 705 (5th ed. 1979). Taking into account that there is a policy of broadly construing the meaning of "injunction," we must look to the substance of the order, rather than its form, to determine whether it is appealable under Rule 307(a)(1). *In re A Minor*, 127 Ill. 2d at 260-61, 537 N.E.2d at 297-98.

Although the circuit court's May 7, 2008, order was characterized as a stay of the proceedings pending the resolution of the underlying action, the substance of the order, which prohibited the parties from proceeding with litigation of the two remaining counts (counts II and VI) of TIG's declaratory judgment action against Canel Associates, was, in effect, injunctive in nature so as to render it reviewable under Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)). *In re A Minor*, 127 Ill. 2d at 260, 537 N.E.2d at 298 ("an order staying the proceedings in a case pending the rendition of judgment in a related case [is] treated as a reviewable order, notwithstanding the fact that the order used the term 'stay' rather than 'injunction' "); *Rogers v. Tyson Foods, Inc.*, 385 Ill. App. 3d 287, 288, 895 N.E.2d 97, 98 (2008) ("[a] stay is considered injunctive in nature, and thus an order granting or denying a stay fits squarely within Rule 307(a)"), *appeal pending*, No. 107262; *Lundy v. Farmers Group, Inc.*, 322 Ill. App. 3d 214, 216, 750 N.E.2d 314, 316 (2001) (denial of a motion to stay may be treated as a denial of a request for preliminary injunction fit for interlocutory appeal); *Disciplined Investment Advisors, Inc. v. Schweihs*, 272 Ill. App. 3d 681, 691, 650 N.E.2d 578, 585 (1995) (a motion to stay is in effect a request for an injunction).

In *Schweihs*, the defendant was sued for an alleged breach of fiduciary duty in connection with his employment at a corporation. *Schweihs*, 272 Ill. App. 3d at 682, 650 N.E.2d at 578. Subsequently, the defendant countersued the directors of the corporation, during a time when the defendant was also seeking a divorce from his wife. *Schweihs*, 272 Ill. App. 3d at 682, 650 N.E.2d at 578. The domestic relations court found that the defendant's interest in the countersuit was considered a marital asset and ordered the defendant to accept a settlement offer presented by the corporation and to distribute the proceeds of the settlement as marital assets. *Schweihs*, 272 Ill. App. 3d at 682, 650 N.E.2d at 578. The circuit court stayed the corporate lawsuit pending appeal of the divorce judgment. *Schweihs*, 272 Ill. App. 3d at 682, 650 N.E.2d at 578. The appellate court held that jurisdiction was proper pursuant to Rule 307(a)(1) because "a motion requesting a court to stay its own proceedings pending resolution of a related case is in effect a request for an injunction, and a decision either granting or denying such a motion is immediately appealable under Rule 307(a)(1)." *Schweihs*, 272 Ill. App. 3d at 691, 650 N.E.2d at 585.

■ Similar to *Schweihs*, the circuit court in the instant case granted WWWC's motion to stay the proceedings, pending the resolution of the underlying action against Canel Associates for legal malpractice. Because such a motion to stay was in effect a request for an injunction, the circuit court's order to stay the declaratory judgment action was immediately appealable under Rule 307(a)(1). Accordingly, we find that this court has jurisdiction to hear the interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)).

Because this court has jurisdiction over the appeal of the stay order, we next determine whether the circuit court abused its discretion in granting the motion to stay the proceedings.

A circuit court's decision to grant or deny a motion to stay will not be overturned on appeal absent an abuse of discretion. *Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 67, 871 N.E.2d 914, 922 (2007); *Reed v. Doctor's Associates, Inc.*, 331 Ill. App. 3d 618, 627, 772 N.E.2d 372, 380 (2002). Under the abuse of discretion standard, we must determine whether the circuit court "acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." *Estate of Bass*, 375 Ill. App. 3d at 67, 871 N.E.2d at 922. The movant requesting the stay must make a sufficient showing to the circuit court that the stay is justified. *CHB Uptown Properties, LLC v. Financial Place Apartments, LLC*, 378 Ill. App. 3d 105, 109, 881 N.E.2d 423, 427 (2007); *Estate of Bass*, 375 Ill. App. 3d at 67, 871 N.E.2d at 922. Thus, a reviewing court looks only to the sufficiency of the evidence, rather than decide any "controverted rights" or merits of the case, in determining whether the circuit court abused its discretion. *Estate of Bass*, 375 Ill. App. 3d at 67-68, 871 N.E.2d at 922; *Postma v. Jack Brown Buick, Inc.*, 157 Ill. 2d 391, 399, 626 N.E.2d 199, 203 (1993); *Yates v. Doctor's Associates, Inc.*, 193 Ill. App. 3d 431, 436, 549 N.E.2d 1010, 1014 (1990). Specifically, "[a]n appeal under Rule 307 does not open the door to a general review of all orders entered by the [circuit] court up to the date of the order that is appealed"; thus, the scope of this appeal is limited to "consideration of only the propriety of the order appealed from." *Schweihs*, 272 Ill. App. 3d at 691, 650 N.E.2d at 585; *Estate of Bass*, 375 Ill. App. 3d at 73, 871 N.E.2d at 926-27.

In the case before us, the circuit court granted WWWC's motion to stay on the basis that the two remaining counts (counts II and VI) of TIG's declaratory judgment action would require factual determinations that go to the heart of the underlying legal malpractice action by WWWC against Canel Associates, in contravention of the *Peppers*

doctrine as outlined in *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187, 355 N.E.2d 24 (1976).

Canel Associates argue that the circuit court abused its discretion in staying the declaratory judgment action pending the outcome of the underlying legal malpractice action, because the court mistakenly believed that an insurer to whom the defense of a claim has been tendered may suspend its obligation to pay defense costs. Canel Associates request that this court rule that TIG is liable for defense costs incurred by Canel Associates to date in the underlying action.

TIG argues that Canel Associates improperly raise substantive issues in an appeal that must be limited in scope to whether the circuit court abused its discretion in staying the declaratory judgment action. We agree that our review in this interlocutory appeal is limited to whether the circuit court abused its discretion in granting WWWC's motion to stay.

■ In *Peppers*, the insured defendant was sued, in the underlying personal injury action, for intentional, negligent, and willful and wanton conduct. *Peppers*, 64 Ill. 2d at 190-95, 355 N.E.2d at 26-29. The insurance policy at issue excluded coverage for intentionally inflicted injuries. *Peppers*, 64 Ill. 2d at 190-95, 355 N.E.2d at 26-29. The insurer then filed suit for a declaratory judgment, alleging that the defendant's conduct was intentional and that the policy exclusion applied to bar coverage. *Peppers*, 64 Ill. 2d at 190-95, 355 N.E.2d at 26-29. In ruling on the insurance company's action for declaratory judgment, the circuit court found that the defendant had intentionally caused the injuries sustained by the plaintiff in the underlying personal injury action. *Peppers*, 64 Ill. 2d at 196, 355 N.E.2d at 29-30. The supreme court, in reviewing the case, held that the circuit court abused its discretion in making a determination, within the context of the declaratory judgment action, that the defendant's conduct in the underlying action was intentional. Our supreme court held that the issue was one of the "ultimate facts upon which recovery is predicated in the [underlying] personal injury action against [the defendant], which had been filed considerably before the declaratory judgment action had been instituted." *Peppers*, 64 Ill. 2d at 197, 355 N.E.2d at 30. The court reasoned that such a determination regarding the declaratory judgment action was "premature" and collateral estoppel would preclude the plaintiff in the underlying action from recovering under other alleged theories—such as negligence. This ruling has come to be known as the *Peppers* doctrine. *Peppers*, 64 Ill. 2d at 197, 355 N.E.2d at 30. See also *Allstate Insurance Co. v. Kovar*, 363 Ill. App. 3d 493, 501, 842 N.E.2d 1268, 1275 (2006) ("it is generally inappropriate for a court considering a declaratory judgment action [on liability coverage]

to decide issues of ultimate fact that could bind the parties [in] the underlying litigation"); *Fidelity & Casualty Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301, 461 N.E.2d 471 (1983) (determining the nature of the services performed by the defendant did not estop the underlying plaintiff from raising a theory of recovery nor decided any crucial issues in the underlying action in violation of *Peppers*); but *cf. American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378, 739 N.E.2d 445 (2000) (under certain circumstances, a criminal conviction may estop the parties from arguing that the acts underlying the conviction were not intentional).

■ In the instant case, count II of TIG's amended complaint in the declaratory judgment action alleged that the TIG policy was not triggered because Canel Associates "knew or should have known that a wrongful act, error or omission or personal injury had occurred in the transactions taking place prior to the inception of the policy"; thus, Canel Associates had a reasonable basis to foresee that a claim would be made before the start of the TIG policy term on December 1, 2001. Deciding whether Canel Associates committed legal malpractice is one of the ultimate facts upon which recovery is predicated in the underlying action against Canel Associates, and thus, resolution of count II in the declaratory judgment action would violate the *Peppers* doctrine (*Peppers*, 64 Ill. 2d 187, 355 N.E.2d 24) because it would require a premature factual determination of Canel Associates' knowledge of any act or omission that had occurred in relation to the transaction prior to the inception of the TIG policy, a result that would usurp the fact-finders' role in the underlying action.

Similarly, count VI of TIG's amended complaint in the declaratory judgment action alleged that the claims in the underlying complaint arise out of "an obligation assumed by contract other than an obligation to perform professional services," which, in essence, suggested that TIG did not have a duty to defend any claims arising out of Canel Associates' conduct performed in a nonattorney capacity. Determining whether Canel Associates were acting as WWWC's attorneys at the time of the transaction is one of the ultimate facts in the underlying action. The underlying complaint alleged that Canel Associates breached their fiduciary duty as attorneys to WWWC in connection with the transaction in question. However, Canel Associates, in their answer to the underlying complaint, denied acting in the capacity of WWWC's attorneys during the transaction in which WWWC allegedly suffered an economic injury. Thus, one of the ultimate facts to be proven in the underlying action is whether Canel Associates were acting as WWWC's attorneys at the time of the transaction. Premature resolution of this issue in the declaratory judgment action could

preclude WWWC from recovering under its alleged theory of breach of fiduciary duty, in violation of the *Peppers* doctrine. *Peppers*, 64 Ill. 2d 187, 355 N.E.2d 24.

In determining whether to stay proceedings, the circuit court has discretion to consider factors such as the "orderly administration of justice and judicial economy," as well as its inherent authority to control the disposition of the cases before it. *Estate of Bass*, 375 Ill. App. 3d at 68, 871 N.E.2d at 922; *Philips Electronics, N.V. v. New Hampshire Insurance Co.*, 295 Ill. App. 3d 895, 901-02, 692 N.E.2d 1268, 1274 (1998).

We cannot say that the circuit court's order in staying the declaratory judgment action was arbitrary, "without the employment of conscientious judgment ***, [exceeded] the bounds of reason [or] ignored recognized principles of law so that substantial prejudice resulted." *Estate of Bass*, 375 Ill. App. 3d at 67, 871 N.E.2d at 922. We find that the record sufficiently shows that the resolution of counts II and VI of the declaratory judgment action filed by TIG would prematurely determine crucial factual issues pending in the underlying legal malpractice action against Canel Associates. Therefore, we hold that the circuit court did not abuse its discretion in granting WWWC's motion to stay the proceedings, pending the resolution of the underlying legal malpractice action.

■ As a final matter, Canel Associates argue that the circuit court erred during the hearing on the motion to stay by refusing to afford them an opportunity to brief the issue of defense costs. We note that it was well within the circuit court's discretion to grant or withhold permission regarding a briefing schedule. No authority exists to nullify that discretion. Accordingly, we reject the argument of Canel Associates that the circuit court erred in refusing their request to brief the issue.

Affirmed.

KARNEZIS, P.J., and SOUTH, J., concur.