**SIXTH DIVISION**
February 10, 2011

No. 1-10-1224

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| DAVID P. MOLLOY, | ) | Cook County. |
| | ) | |
|     Petitioner-Appellant, | ) | |
| | ) | No. 07 D 8119 |
|       and | ) | |
| | ) | |
| ROJEAN M. MOLLOY, | ) | The Honorable |
| | ) | Gerald C. Bender, |
|     Respondent-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE GARCIA delivered the judgment of the court, with opinion.

Justices Cahill and McBride concurred in the judgment and opinion.

## OPINION

The petitioner David P. Molloy presents what he contends is an interlocutory appeal under Supreme Court Rule 307(a)(1) (Ill. S. Ct. R. 307(a)(1)(eff. Mar. 20, 2009)) based on the circuit court's order granting the respondent Rojean Molloy's request that petitioner's counsel be barred from accompanying the petitioner to his child custody evaluation under section 604.5 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/604.5 (West 2008)). On June 3, 2010, at the request of counsel for the children, we entered an order designating this matter as an expedited appeal pursuant to Illinois Supreme Court Rule 311.

No. 1-10-1224

Ill. S. Ct. R. 311(eff. Feb. 26, 2010). Thereafter, the children filed a motion seeking the dismissal of this appeal contending it does not fall within the provisions of Rule 307(a)(1). The petitioner filed a response conceding this case involves an novel application of Rule 307. He asserts this appeal seeks a good-faith extension of what qualifies as an injunctive order under Rule 307. We took the motion with the case. The children challenge our jurisdiction in their response brief. The petitioner sought an extension of time to file his reply brief, which we granted. No reply brief was filed by the petitioner by the court's deadline. We now grant the children's motion to dismiss this appeal for lack of jurisdiction.

BACKGROUND

The petitioner and the respondent were married on June 28, 2001; two children were born of the marriage, Cody, born June 30, 2001, and Alaina, born March 2, 2005.

In 2007, the petitioner filed for the dissolution of marriage. In March 2008, pursuant to a motion filed by the respondent, the Cook County public guardian was appointed to represent the interests of the children.

In April 2009, the circuit court assigned the matter to the Forensic Clinical Services Department (FCSD) for a custody evaluation pursuant to section 604(b) of the Act. 750 ILCS 5/604(b) (West 2008). In September 2009, the circuit court set a status date on the custody evaluation for December 15, 2009. In

2

November 2009, the petitioner filed for temporary and permanent custody, alleging the marital home had been sold and that he had obtained a new residence that was suitable for himself and the children.  He further alleged that on November 10, 2009, the FCSD examiner, a licensed clinical social worker, had issued a section 604(b) report recommending that he be awarded sole custody of the children.

According to the petitioner's attorneys, at a hearing on November 19, 2009, the respondent requested a custody evaluation pursuant to section 604.5 of the Act, which the court granted. 750 ILCS 5/604.5 (West 2008).  On December 16, 2009, the circuit court ordered the respondent's section 604.5 evaluation report be filed by March 12, 2010, and noted the respondent would have 21 days after that date to respond to the petitioner's request for custody.

On January 12, 2010, the respondent filed a motion, requesting that the petitioner's attorney be barred from accompanying the petitioner at his section 604.5 custody evaluation with the respondent's chosen evaluator, Jo Anne Smith, a licensed clinical social worker.  The respondent explained her request: "As not to result in an unbalanced report if petitioner's counsel is present, as respondent presents as *pro se*."  A hearing on the motion was held on January 27, 2010. Following argument by the petitioner's attorneys, the circuit court ordered the parties to file written memoranda addressing

the matter by February 5, 2010.

On February 5, 2010, the petitioner, through his attorneys, filed a "Response to and Memorandum of Law in Opposition of Rojean Molloy's Motion," arguing that the respondent did not properly title her motion as one for injunctive relief. The petitioner further argued that the respondent's motion was an attempt to prevent him from exercising his statutory right pursuant to 2-1003(d) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1003(d) (West 2008) ("Discovery and depositions")).

On April 26, 2010, the circuit court held a hearing on the respondent's motion to set conditions on the section 604.5 evaluation and other matters. The circuit court granted the respondent's motion barring the petitioner's attorney's presence at the section 604.5 evaluation. In its ruling, the court focused on the type of examination at issue: "Let me tell you, this is considered--this is an evaluation. There are two different types of evaluations that we have: A mental or physical exam and a child custody evaluation. There are two distinct assessments for that." The court then read aloud section 2-1003(d) of the Code and part of section 604.5 of the Act. The court also discussed the decision in *In re Marriage of Divelbiss*, 308 Ill. App. 3d 198, 719 N.E.2d 375 (1999). In *Divelbiss*, the court noted the difference between a discovery evaluation under Supreme Court Rule 215 (Ill. S. Ct. R. 215(eff. July 1, 2002)) and a custody

4

evaluation. In *Divelbiss*, the respondent's argued "that she had a right to seek a custody evaluation." *Divelbiss*, 308 Ill. App. 3d at 211. The circuit court replied that she had requested "a 215 examination," which it granted. *Divelbiss*, 308 Ill. App. 3d at 211-12. The respondent did not request a custody evaluation under section 604.5 of the Act. *Divelbiss*, 308 Ill. App. 3d at 212. The circuit court here noted the same distinction between a discovery evaluation and a custody evaluation. The purpose of a section 604.5 evaluation is to determine the best interests of the children, in contrast to one seeking to determine the extent of a party's injuries or the capacity of a party to exercise his or her rights under section 2-1003(d) of the Code. The circuit court ruled it follows from the different interests involved that a party does not have a right to have an attorney present at a child custody evaluation as a party does under a discovery evaluation.

Following the court's decision, the petitioner's attorney asked the court for Rule 304(a)(Ill. S. Ct. R. 304(eff. Feb. 26, 2010)) language to allow for an immediate appeal; the court denied the request. The petitioner's attorneys drafted the order granting the respondent's request to bar the petitioner's attorney from the evaluation interview, which asserted that the "injunctive relief" requested by the respondent was granted.

On May 3, 2010, the petitioner, through his attorneys, filed an interlocutory notice of appeal, citing Illinois Supreme Court

No. 1-10-1224

Rule 307(a)(1)(eff. Mar. 20, 2009) as the basis for our jurisdiction. On July 14, 2010, the public guardian filed its motion to dismiss appeal for lack of jurisdiction under Rule 361(h). Ill. S. Ct. R. 361(h)(eff. Dec. 29, 2009). The petitioner responded. On August 11, 2010, we ordered that the public guardian's motion to dismiss be taken with this appeal.

ANALYSIS

The petitioner argues this appeal falls under Supreme Court Rule 307(a)(1) because respondent's motion to set conditions on the section 604.5 evaluation qualifies as an injunction in that it seeks to enjoin the petitioner from having his attorneys present during his evaluation. Consistent with the injunctive nature of the motion, the petitioner points out the respondent's motion gave notice to the petitioner and then "asked the court to prohibit [the petitioner] from exercising a statutory right granted to him pursuant to Section 2-1003(d) of [the Code]." Our review is governed by the context of this case: the petitioner claims his statutory right under section 2-1003(d) of the Code extends to an evaluation under section 604.5 of the Act such that barring the presence of petitioner's counsel qualifies as an injunction.

In its brief on behalf of the children, the office of the Cook County public guardian argues the order does not qualify as one granting an injunction under Rule 307(a)(1). The public guardian's office contends the circuit court's order of April 26,

6

2010, merely set conditions for the petitioner's section 604.5 evaluation, "despite the inappropriate language used by [the petitioner's] attorneys." See *People v. Reynolds*, 274 Ill. App. 3d 696, 698, 654 N.E.2d 535 (1995) (written order was not a final order though drafted by the newspaper "with language to support a characterization of finality"). As an order regulating the conditions under which one of the parties will be interviewed by a licensed social worker in relation to the children's custody, the order does not seek to maintain the status quo. Rather, it is an administrative or ministerial order regulating the litigation before the court. See *In re A Minor*, 127 Ill. 2d 247, 260, 537 N.E.2d 292 (1989) (the substance of the action, not its form, determines whether an order is an appealable injunctive order under Rule 307(a)(1)); *Reynolds*, 274 Ill. App. 3d at 698 (order denying newspaper immediate access to transcripts of sidebars was "a ministerial and administrative implementation of the court's previous oral ruling").

To further support its position, the public guardian notes that section 604.5 expressly provides that "conditions" for the evaluation be determined by the circuit court. "An order for an evaluation shall fix the time, place, *conditions*, and scope of the evaluation and shall designate the evaluator." (Emphasis added.) 750 ILCS 5/604.5(b) (West 2008). According to the public guardian, the circuit court below set a "condition" for the petitioner's evaluation that it be done without the presence

7

No. 1-10-1224

of his attorney.

Our supreme court has informed lower courts of review to first determine whether jurisdiction exists to address the merits of an appeal. *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210, 642 N.E.2d 1264 (1994) ("the appellate court has an independent duty to consider its jurisdiction before proceeding to the merits of the case"). The Public Guardian properly raises the question of our jurisdiction in this appeal. Accordingly, we must first determine whether the order appealed from falls within the provisions of Supreme Court Rule 307(a)(1) to vest us with jurisdiction. That this would be the first application of Rule 307(a)(1) to the circumstances in this case is not a bar to its application. See *Mitchell v. Palos Community Hospital*, 317 Ill. App. 3d 754, 762, 740 N.E.2d 476 (2000) (novelty of argument alone is not a bar to its acceptance) (citing M. Graham, Cleary & Graham's Handbook of Illinois Evidence §702.4, at 563 (6th ed. 1994)).

### Rule 307(a)(1)

Illinois Supreme Court Rule 307(a)(1) governs interlocutory appeals from an order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1)(eff. Mar. 20, 2009). The petitioner claims the circuit court's order placing conditions on the section 604.5 evaluation is a mandatory injunction. To support his claim, the petitioner directs our attention to the language of the written order, which

8

states, "[Respondent's] Motion for Injunctive Relief is granted."

However, as our supreme court made clear, the language of an order does not determine whether it may be appealed. *In re A Minor*, 127 Ill. 2d at 260. "Not every nonfinal order of a court is appealable, even if it compels a party to do or not do a particular thing." *In re A Minor*, 127 Ill. 2d 247, 261-62, 537 N.E.2d 292 (1989). Court orders that are ministerial or administrative cannot be the subject of an interlocutory appeal. *In re A Minor*, 127 Ill. 2d at 262. An order is deemed ministerial or administrative if it regulates only procedural details of the litigation before the court. *In re A Minor*, 127 Ill. 2d at 262. Such an order "do[es] not affect the relationship of the parties in their everyday activity apart from the litgation, and are therefore distinguishable from traditional forms of injunctive relief." *In re A Minor*, 127 Ill. 2d at 262. "To determine what constitutes an appealable injunctive order under Rule 307(a)(1) we look to the substance of the action, not its form." *In re A Minor*, 127 Ill. 2d at 260.

Here, despite the language in the order, we find the aim of the circuit court's order to be ministerial; the order places a "condition" of the custody evaluation of the petitioner as provided under section 604.5 of the Act. 750 ILCS 5/604.5(b) (West 2008). We agree with the public guardian that the purpose of the circuit court's order was to regulate one procedural aspect of their pretrial preparation; the order is not the

9

equivalent of a preliminary injunction whose function is "to preserve the status quo pending resolution of the merits of the case." *In re Marriage of Slomka*, 397 Ill. App. 3d 137, 143, 922 N.E.2d 36 (2009) (citing *Postma v. Jack Brown Buick, Inc.*, 157 Ill. 2d 391, 397, 626 N.E.2d 199 (1993)).

With no reply brief from petitioner, we are persuaded by the public guardian's claim that the respondent's request to have conditions put on the petitioner's section 604.5 evaluation was not a measure to preserve the status quo. See *People v. Itani*, 383 Ill. App. 3d 954, 973, 890 N.E.2d 1154 (2008) (expert's evaluation "compromised" when "she allowed defense counsel to be present during clinical interview of defendant," which cast doubt on evaluation being independent and objective). On its face, the order addressed a procedural matter related to the pending litigation under section 604.5 of the Act. We are unpersuaded that the order contravened the petitioner's statutory right under section 2-1003(d) of the Code.

Accordingly, because this court's jurisdiction is premised on the petitioner's characterization of the circuit court's April 26, 2010, order, as one granting preliminary injunctive relief, and we find no such relief was granted by the challenged order, we lack jurisdiction to entertain this appeal.

CONCLUSION

No injunctive relief under Supreme Court Rule 307(a)(1) was granted by the circuit court's order barring the petitioner's

No. 1-10-1224

attorneys from accompanying the petitioner to his interview with the evaluator under section 604.5 of the Illinois Marriage and Dissolution Act. The order was ministerial, setting a condition on a custody evaluation as section 604.5(b) expressly provides. We have no jurisdiction to address this interlocutory appeal.

Appeal dismissed.