# Illinois Official Reports

## Appellate Court

---

***State Farm Fire & Casualty Co. v. John*, 2017 IL App (2d) 170193**

---

| | |
|---|---|
| Appellate Court Caption | STATE FARM FIRE & CASUALTY COMPANY, Plaintiff-Appellee, v. DAVID JOHN and WHEATON COLLEGE, Defendants (David John, Defendant-Appellant; Wheaton College, Defendant-Appellee). |
| District & No. | Second District<br>Docket No. 2-17-0193 |
| Filed | June 14, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 16-MR-1331; the Hon. Bonnie M. Wheaton, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Thomas R. Stilp and Elaine S. Vorberg, of Stilp Business Law P.C., of Chicago, for appellant.<br><br>Christian M. Poland, of Bryan Cave LLP, of Chicago, for appellee Wheaton College.<br><br>Michael C. Borders and Rosa M. Tumialan-Landy, of Dykema Gossett PLLC, of Chicago, for other appellee. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices McLaren and Burke concurred in the judgment and opinion.

## OPINION

¶ 1     State Farm Fire & Casualty Company (State Farm) filed the instant action, seeking a declaratory judgment regarding its duties to defend and indemnify its insured, David John, against a lawsuit filed by Wheaton College. John filed an interlocutory appeal from an order denying his motion to stay the action, pending the resolution of the underlying litigation. For the reasons that follow, we reverse and remand.

¶ 2                                    I. BACKGROUND
¶ 3     On October 19, 2016, State Farm filed its amended complaint for a declaratory judgment, alleging as follows. John was insured under a personal-liability umbrella policy issued by State Farm. In August 2011, John filed a lawsuit against Wheaton College and others for public disclosure of private facts and tortious interference. In May 2012, Wheaton College filed a counterclaim, alleging defamation. In December 2012, the trial court in the underlying litigation dismissed John's complaint, and Wheaton College voluntarily dismissed its counterclaim. In December 2013, Wheaton College filed a four-count complaint against John, alleging defamation *per se*, false light invasion of privacy, civil conspiracy, and malicious prosecution. Subsequently, this court reversed the trial court's order dismissing John's public-disclosure-of-private-facts claim, and that matter was remanded for further proceedings. See *John v. Wheaton College*, 2014 IL App (2d) 130524-U.

¶ 4     According to State Farm's amended complaint for a declaratory judgment, John first notified State Farm of Wheaton College's complaint on December 22, 2015. State Farm accepted John's tender of defense subject to a reservation of rights. State Farm has, at all times, funded John's defense through independent counsel. On February 9, 2016, the trial court in the underlying litigation sanctioned John for failing to comply with discovery obligations. State Farm attached a copy of that court order to its amended complaint. In relevant part, that order provided that "the claims of John *** against all parties are dismissed with prejudice"; "default judgment is granted against John on all of Wheaton College's claims against him (in case no. 2013 L 1179)"; and "a prove-up hearing [(on damages)] is set for March 15 at 1:30 p.m." State Farm alleged in its amended complaint that John's liability as to Wheaton College's claims was thus established. When State Farm filed its amended complaint, the prove-up in the underlying litigation was scheduled for April 17, 2017.[1]

¶ 5     In count I of its amended complaint for a declaratory judgment, State Farm alleged that John failed to comply with the following notice provisions of the insurance policy:

> "In the event of a loss for which the policy may provide coverage, all insureds seeking coverage must:
>
>> 1. Immediately notify us of such loss. The notice must give us:

---

[1] It appears from the parties' briefs on appeal that the prove-up did not proceed in April 2017 and that the trial court in the underlying litigation has not yet rescheduled those proceedings.

(a) reasonably available information on the time, place and circumstances of the loss; and

(b) names and addresses of any claimants and witnesses; and

(c) the name of the insurer and identification number of any other policy providing insurance;

2. Immediately notify us and any other insurer providing insurance of any claim or suit filed against the insured and send us and such insurer every demand, notice, summons and other process received related to the claim or suit."

¶ 6 In count II of the amended complaint, State Farm alleged that John breached the policy's cooperation clause, which required him to:

"[A]t all times, help and cooperate with us and any other insurer providing insurance, and at our request, assist in:

(a) making settlement;

(b) the enforcement of any right of contribution or indemnity against a person or organization who may be liable to the insured;

(c) the conduct of suits and attend depositions, hearings and trial;

(d) securing and giving evidence; and

(e) locating and getting witnesses to attend depositions, hearings and trials."

State Farm alleged that John breached his duty to cooperate by failing to comply with his discovery obligations in the underlying litigation, which prompted Wheaton College to file several motions and ultimately led the court to sanction John by entering a default judgment against him.

¶ 7 In count III, State Farm asserted that "[t]he Wheaton College complaint alleges that John knowingly made false and defamatory statements about Wheaton College and that he prosecuted a claim against Wheaton College for tortious interference without having any evidence to support the claim." State Farm also maintained that, due to the default judgment against him, John was precluded from disputing Wheaton College's allegations. Accordingly, State Farm alleged that John was not covered under the insurance policy, by reason of the policy's intentional-conduct exclusion, which provided: "There is no coverage under this policy for any *** personal injury when the insured acts with specific intent to cause any harm."

¶ 8 In all three counts of the amended complaint, State Farm prayed for a declaratory judgment, stating that (1) the policy does not provide coverage for the matters alleged by Wheaton College, (2) State Farm does not have a duty to defend John in the underlying litigation, and (3) State Farm does not have a duty to indemnify John for any judgment rendered in the underlying litigation.

¶ 9 John filed a motion to dismiss State Farm's amended complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2014)) or, in the alternative, to stay the proceedings. With respect to each count of the amended complaint, John argued that State Farm failed to state a claim upon which the duty to defend could be determined, no actual controversy existed, and a declaratory judgment would be inappropriate in that it would require a determination of ultimate facts in the underlying litigation. Specifically, John maintained that, under an "eight corners analysis" (*i.e.*, comparing the underlying complaint's allegations to the insurance policy), State Farm had a duty to defend him because Wheaton

College's malicious-prosecution claim potentially fell within the coverage provided by the policy. Moreover, John contended that there was no actual controversy between the parties, because State Farm's request for a declaratory judgment regarding its duty to indemnify was premature until he is legally obligated to pay damages in connection with the underlying litigation.

¶ 10    With respect to his argument that entering a declaratory judgment would inappropriately require a determination of ultimate facts that needed to be decided in the underlying litigation, John suggested that a finding of specific intent in favor of State Farm in the declaratory judgment action would inure to Wheaton College's benefit on its claim for damages in the underlying litigation. He noted that Wheaton College had recently filed a motion in the underlying litigation to take depositions in anticipation of the prove-up on damages, to explore issues surrounding his communications with another individual. According to John, the matters on which Wheaton College was currently seeking discovery in the underlying litigation pertained to the issues to be decided on counts II and III of State Farm's amended complaint for a declaratory judgment.

¶ 11    In its response to John's motion, State Farm insisted that there was indeed an actual controversy because, if State Farm no longer had a duty to defend John, then it would have no duty to indemnify him. State Farm also interpreted John's "prematurity" argument as directed only to count III of the amended complaint. Addressing that argument, State Farm contended that the sanctions order entered against John in the underlying litigation "effectively adjudicate[d] all issues of liability—including the allegations of intentional conduct directed against John—in favor of Wheaton College." Accordingly, State Farm proposed that it was entitled to rely on the sanctions order and that it did not have a continued obligation to defend John, due to the policy's intentional-conduct exclusion. Alternatively, State Farm proposed holding count III of its amended complaint in abeyance while ordering John to answer counts I and II.

¶ 12    Wheaton College likewise disagreed with John's request to stay the matter, maintaining that John's liability in the underlying litigation had been established by the entry of the default judgment.[2] Wheaton College further noted that the prove-up on damages in the underlying litigation was (at that point) set to proceed in April 2017. Accordingly, Wheaton College suggested that the trial court in this declaratory judgment action could not prematurely decide ultimate facts that could affect the underlying litigation.

¶ 13    In his reply brief in support of his motion to dismiss the amended complaint or, alternatively, to stay the action, John reiterated that there was no actual controversy as to any of the counts of State Farm's amended complaint because (1) Wheaton College's malicious-prosecution claim potentially triggered State Farm's duty to defend and (2) if there was a duty to defend, then the issue of indemnification was premature until John is legally obligated to pay damages in the underlying litigation. He contended that State Farm could not rely on the default order in the underlying litigation, because it was "interlocutory and therefore subject to change during the proceedings in trial court [*sic*] or on appeal." Additionally, John argued that the declaratory judgment action was premature because it

_____

[2]Wheaton College moved to dismiss State Farm's amended complaint for reasons different from John's. The trial court denied Wheaton College's motion to dismiss, and that ruling is not at issue in this appeal.

would require the court to determine ultimate facts that needed to be decided in the underlying litigation. Addressing State Farm's suggestion that count III could be held in abeyance while counts I and II proceeded, John responded that this would "only exacerbate the problems cited by Illinois Courts in disallowing piecemeal litigation concerning defense and indemnity obligations." Accordingly, he maintained that only dismissal of the complaint or a stay of the proceedings would be appropriate under the circumstances.

¶ 14     On February 14, 2017, the court denied John's motion to dismiss and declined to stay the proceedings. The court explained that granting the motion to dismiss would require the court to decide the merits of State Farm's amended complaint. The court acknowledged that this case was unique in that "one [*sic*] of the alleged grounds for the declaratory judgment arose during the pendency of the underlying case." Nevertheless, the court believed that all three counts stated causes of action for a declaratory judgment. The court added: "Perhaps it is not incumbent on the Court to make a decision on all of those or any of them until the underlying case is resolved, but I believe that under the standards of 2-615 there is a cause of action stated for a declaratory judgment in each of the counts, so I will deny the motion." The court later clarified that the request for a stay was denied "[w]ithout prejudice." Specifically, the court explained: "I mean, if we get down the road and the matter is close to trial I will probably stay it until after the trial takes place. But that's—Maybe I shouldn't have even said that."

¶ 15     John timely appealed the portion of the order denying his motion to stay the proceedings. See Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2016) (providing for appeals from interlocutory orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction"); *Allianz Insurance Co. v. Guidant Corp.*, 355 Ill. App. 3d 721, 729 (2005) (order denying a motion for a partial stay was appealable pursuant to Rule 307(a)(1)).

¶ 16                                                    II. ANALYSIS

¶ 17     John contends that the trial court erred in denying his motion to stay the proceedings in this declaratory judgment action, because (1) no actual controversy exists, as there has been no final judgment in the underlying litigation, and (2) the issues are not separable from the issues to be decided in the underlying litigation. Although we do not agree with all of John's specific contentions, we conclude that the trial court erred in declining to stay the proceedings.

¶ 18     We review for an abuse of discretion the trial court's decision to deny a stay. *Allianz*, 355 Ill. App. 3d at 730. The question is not whether we agree or disagree with the trial court's decision, but "whether the trial court acted arbitrarily without the employment of conscientious judgment or, in light of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." *Allianz*, 355 Ill. App. 3d at 730. "In determining whether to stay proceedings, the circuit court has discretion to consider factors such as the 'orderly administration of justice and judicial economy,' as well as its inherent authority to control the disposition of the cases before it." *TIG Insurance Co. v. Canel*, 389 Ill. App. 3d 366, 375 (2009) (quoting *Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 68 (2007)).

¶ 19     John notes that an action seeking a declaratory judgment must present an actual controversy. This means that "the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 375 (1977). The case must "present a concrete dispute

admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." *Underground Contractors*, 66 Ill. 2d at 375.

¶ 20     John insists that there is no actual controversy between the parties here. His argument is as follows. He claims that State Farm admits that it has a duty to defend him. Moreover, he notes that case law establishes that the duty to defend is broader than the duty to indemnify, which means that State Farm must defend the entire lawsuit if even one of Wheaton College's claims against him is potentially covered. To that end, he contends that Wheaton College sued him for malicious prosecution and that the insurance policy obligates State Farm to provide a defense for claims of malicious prosecution. According to John, because State Farm's duty to defend is apparent from comparing the complaint in the underlying litigation to the policy, the issue of indemnification is not ripe until he is legally obligated to pay damages in connection with the underlying litigation, and the declaratory judgment action should be stayed.

¶ 21     John's analysis of the purported lack of an actual controversy is misguided. We note that, in support of his assertion that State Farm "admits" its duty to defend, John cites the following statement made by State Farm's attorney at the hearing on the motion to dismiss the action or stay the proceedings: "State Farm acknowledges that it has a duty to defend, it pled that in its—and acknowledges duty [*sic*] to defend by alleging that it is defending subject to reservation." However, John omits State Farm's attorney's very next statement: "That does not prohibit [State Farm] from now seeking a declaration that it has no longer the duty to defend due to the circumstances of the case as they have progressed in the tort case." Case law indeed recognizes that an insurer may defend an action against its insured under a reservation of rights while concurrently pursuing a declaratory judgment action. *Fidelity & Casualty Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301, 304 (1983). Furthermore, nothing in the record supports John's assertion that State Farm "admits" that it currently has a duty to defend. To the contrary, the whole purpose of the present lawsuit is that State Farm believes that it does *not* have a duty to defend, both because of the insurance policy's intentional-conduct exclusion and because of John's behavior in connection with the underlying litigation. If State Farm is correct that it has no duty to defend John in the underlying litigation, then the issue of indemnification is ripe for adjudication. See *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 398 (1993) (the principle that any determination concerning an insurer's duty to indemnify is premature until the insured incurs liability in the underlying litigation "is only operative in cases where the court has determined that the insurer's duty to defend its insured has arisen").

¶ 22     John argues that State Farm's duty to defend is apparent when we compare the allegations of the complaint in the underlying litigation to the terms of his insurance policy. But even if State Farm's coverage position is unsound, as John insists it is, that has nothing to do with whether there is an actual controversy between the parties. This is not the forum to decide whether State Farm is obligated to defend and indemnify John; such issues are far beyond the scope of this interlocutory appeal. See *Canel*, 389 Ill. App. 3d at 372 (when reviewing the trial court's decision to grant or deny a motion to stay proceedings, the appellate court does not decide the merits of the case). Suffice it to say that State Farm believes that it has no obligation to defend or indemnify John, and that John believes otherwise. There is thus an actual controversy between the parties because there is a concrete dispute admitting of an immediate

and definitive determination of the parties' respective rights. See *Underground Contractors*, 66 Ill. 2d at 375.

¶ 23 John next argues that the issues to be decided in this case are inseparable from the issues to be decided in the underlying litigation, so the trial court abused its discretion in denying his motion to stay the proceedings. John's arguments invoke the "*Peppers* doctrine," which is derived from *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187 (1976). "[U]nder the *Peppers* doctrine, it is generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that could bind the parties to the underlying litigation." *Allstate Insurance Co. v. Kovar*, 363 Ill. App. 3d 493, 501 (2006). The concern is that prematurely adjudicating such issues in the declaratory judgment action would result in collateral estoppel in the underlying litigation. *Canel*, 389 Ill. App. 3d at 373. The classic scenario is where an insured is sued and the allegations of the complaint potentially fall within the scope of the insurance policy, thus triggering the insurer's duty to defend, but the insurer denies coverage based on an intentional-injury exclusion in the policy. Courts have explained that, in such circumstances, the issue of the insured's intent should be litigated in the underlying tort action, not the declaratory judgment action. See, *e.g.*, *Peppers*, 64 Ill. 2d at 197; *Thornton v. Paul*, 74 Ill. 2d 132, 159 (1978), *overruled in part on other grounds by American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378, 387 (2000); *Landmark American Insurance Co. v. NIP Group, Inc.*, 2011 IL App (1st) 101155, ¶ 62.

¶ 24 In count III of its amended complaint, State Farm alleged that it owed no duty to defend or indemnify John because the policy provided that there was no coverage for "any *** personal injury when the insured acts with specific intent to cause any harm." This would appear to be a textbook example of a situation where it would be appropriate to apply the rationale of *Peppers* and stay the claim until the underlying litigation is resolved. The wrinkle here—and what State Farm and Wheaton College contend distinguishes this case from *Peppers*—is that John has been defaulted in the underlying litigation, and the only remaining matter is the prove-up on damages. State Farm and Wheaton College thus argue that liability in the underlying litigation has been determined. Wheaton College goes so far as to assert, without citing any authority, that "the entry of default is final, and default established John's complete liability in the Underlying Case."

¶ 25 The concerns raised by the court in *Peppers* apply with equal force in the present case. So long as the sanctions entered against John remain interlocutory, we cannot accept State Farm's and Wheaton College's contentions that the issue of John's liability has been "settled" or "established." The sanctions order in the underlying litigation was not a final order because the court did not enter a money judgment against John, but instead continued the matter for a prove-up on damages. See *Hall v. Jacobs, Camodeca & Timpone*, 134 Ill. App. 3d 516, 520 (1985) (default order as to liability alone, entered as a discovery sanction, was an interlocutory discovery order). "A default judgment is comprised of two factors: '(1) a finding of the issues for the plaintiff; and (2) an assessment of damages.' " *Jackson v. Hooker*, 397 Ill. App. 3d 614, 620-21 (2010) (quoting *Wilson v. TelOptic Cable Construction Co.*, 314 Ill. App. 3d 107, 112 (2000)). Importantly, neither the parties nor this court have any way of predicting what lies ahead in the underlying litigation. While we, of course, express no opinion as to the propriety of the order defaulting John in the underlying litigation, it is certainly possible that the trial court (or even a different judge of the trial court) could reverse the sanction. See *Hall*, 134 Ill.

App. 3d at 519 (one judge entered a default order against the defendants as a sanction, but another judge vacated that order).

¶ 26 The potential problems here are obvious. Imagine that the trial court in this declaratory judgment action makes a finding in State Farm's favor on count III of the amended complaint—*i.e.*, the court finds that, due to John's default in the underlying litigation, he acted with specific intent to cause harm to Wheaton College, such that State Farm does not have a duty to defend or indemnify. What happens if the trial court in the underlying litigation subsequently vacates the interlocutory sanctions order? In that situation, the finding here that John acted with specific intent could affect the underlying litigation. Pursuant to the *Peppers* doctrine, that is an unacceptable possibility. Under these circumstances, any suggestion by State Farm or Wheaton College that the concerns of *Peppers* do not apply here because liability has been determined is unpersuasive.

¶ 27 Moreover, we find this case to be factually distinguishable from *Allianz*, upon which Wheaton College relies. In *Allianz*, although underlying litigation was pending against the insured at the time of the appeal in the declaratory judgment action, there was no question as to whether the insured's conduct was intentional, given that its subsidiary had admitted in a federal plea agreement to having engaged in intentional conduct. *Allianz*, 355 Ill. App. 3d at 733. Here, John has not entered any such plea agreement, and the default order entered against him in the underlying litigation is interlocutory. For all of these reasons, we conclude that adjudicating count III of State Farm's amended complaint would improperly require the trial court to decide issues of ultimate fact that could bind the parties to the underlying litigation. See *Kovar*, 363 Ill. App. 3d at 501.

¶ 28 Count II of State Farm's amended complaint alleges a failure to cooperate. We agree with State Farm and Wheaton College that this count does not raise a *Peppers* problem, inasmuch as John's failure to comply with his discovery obligations has nothing to do with the issues that the fact-finder will have to decide in the underlying litigation. However, like count III, count II does raise other concerns about prematurity. The sole basis for State Farm's failure-to-cooperate allegations is that John engaged in conduct that led to his default in the underlying litigation. So long as the sanctions order remains interlocutory, it would be premature for the trial court in this action to determine State Farm's obligations to John based on that order.

¶ 29 On the other hand, count I of State Farm's amended complaint, which alleges that John failed to provide timely notice of the underlying litigation, would not require the trial court to decide issues of ultimate fact that could bind the parties to the underlying litigation. See *Brotherhood Mutual Insurance Co. v. Roseth*, 177 Ill. App. 3d 443, 452 (1988) (the trial court in a declaratory judgment action had the authority to determine whether the insured provided timely notice to the insurer, because that issue was "separable from the issues in the underlying personal injury action"). Furthermore, unlike counts II and III, count I of State Farm's amended complaint does not depend on any interlocutory rulings in the underlying litigation.

¶ 30 Two of State Farm's three claims are thus premature. Several factors lead us to conclude that it is appropriate to stay the entire action until the underlying litigation is resolved. We note that the declaratory judgment statute is not "intended to facilitate piecemeal litigation." *The Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 34. Additionally, as State Farm and Wheaton College have emphasized in their briefs, the only matter currently pending in the underlying litigation is the prove-up on damages. Accordingly, it seems likely that the

trial court proceedings in the underlying litigation will conclude relatively soon. Finally, in explaining its ruling on the motion to stay the proceedings, even the trial court in this declaratory judgment action apparently recognized that the proceedings would eventually have to be stayed. Specifically, the court denied the motion to stay "[w]ithout prejudice," adding: "I mean, if we get down the road and the matter is close to trial I will probably stay it until after the trial takes place." During the hearing, the court also recognized that "[p]erhaps it is not incumbent on the Court to make a decision on all of those [counts] or any of them until the underlying case is resolved." Under the unique circumstances of this case, we hold that it is appropriate to stay all proceedings in this matter pending the resolution of the underlying litigation.

¶ 31                                      III. CONCLUSION

¶ 32        For the reasons stated, we reverse the judgment of the circuit court of Du Page County and remand the matter to the trial court.

¶ 33        Reversed and remanded.