2021 IL App (2d) 210684-U
No. 2-21-0684
Order filed December 14, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JUAN RODRIGUEZ and DAMIAN CASTRO, on Behalf of Themselves and Other Similarly Situated Workers, Known and Unknown, | ) ) ) ) | Appeal from the Circuit Court of Lake County |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 21-CH-264 |
| RETURNS 'R' US, INC., d/b/a Pharma Logistics, Ltd., | ) ) ) | Honorable Daniel L. Jasica, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Zenoff and Brennan concurred in the judgment.

**ORDER**

¶ 1   *Held*: We reverse, concluding the circuit court abused its discretion in denying defendant's unopposed motion to stay the proceedings.

¶ 2   Defendant, Returns 'R' Us, Inc., d/b/a Pharma Logistics, Ltd., appeals from the circuit court's denial of its unopposed motion to stay the underlying proceedings, contending the court abused its discretion in denying the motion. We reverse the circuit court's judgment and, pursuant to Illinois Supreme Court Rule 305(d) (eff. July 1, 2017), stay the proceedings.

¶ 3                                I. BACKGROUND

¶ 4    On July 22, 2021, plaintiffs, Juan Rodriguez and Damian Castro, filed a one-count putative class action complaint on behalf of themselves and other similarly situated workers against defendant, who was their employer. They alleged defendant violated the Biometric Information Privacy Act (Privacy Act) (740 ILCS 14/1 *et seq.* (West 2020)) and sought, under section 20, liquidated monetary damages, injunctive relief, and attorney fees and costs. See 740 ILCS 14/20 (West 2020). On July 26, 2021, plaintiffs moved for class certification.

¶ 5    On October 4, 2021, defendant moved to dismiss the complaint (735 ILCS 5/2-615, 2-619 (West 2020)), raising seven bases for dismissal. Pertinent here, defendant asserted that plaintiffs' claim was preempted by the Workers' Compensation Act. See 820 ILCS 305/5(a) (West 2020). Defendant acknowledged the First District of this court, in *McDonald v. Symphony Bronzeville Park, LLC*, 2020 IL App (1st) 192398, had held otherwise but noted the supreme court had granted the defendant in that case leave to appeal. See *McDonald v. Symphony Bronzeville Park, LLC*, No. 126511 (Jan. 27, 2021) (allowing appeal).

¶ 6    On October 5, 2021, defendant moved to stay the proceedings pending the supreme court's decision in *McDonald*. Defendant noted it had conferred with plaintiffs' counsel, who "confirmed that Plaintiffs [were] in agreement with a stay pending *McDonald*," thus making the motion unopposed. Defendant asserted the preemption issue was a nonfrivolous threshold question. It contended the outcome of *McDonald* could compel dismissal of plaintiffs' complaint. Defendant argued plaintiffs would not be prejudiced by a temporary stay (and even agreed a stay was appropriate) and that no unjust delay would result, because *McDonald* was argued on September 23, 2021, and, thus, a decision was "imminent."

¶ 7    On October 21, 2021, the circuit court denied the motion to stay the proceedings pending the outcome of *McDonald*. No report of proceedings from the hearing appears in the record, but

the parties submitted an agreed statement of facts. See Ill. S. Ct. R. 323(d) (eff. July 1, 2017). The agreed statement of facts states that, at the hearing, the court did not ask for written or oral arguments and did not state its rationale for denying the motion. The court and parties then addressed the other pending motions, and the court entered and continued plaintiffs' motion for class certification and set a briefing schedule and hearing date on defendant's motion to dismiss.

¶ 8     This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant contends the circuit court abused its discretion by denying its unopposed motion to stay. Defendant also argues that, by failing to oppose the motion to stay, plaintiffs have forfeited any argument in support of the court's judgment on appeal.

¶ 11    Whether to grant a stay is a question addressed to the discretion of the circuit court. *State Farm Fire and Casualty Co. v. John*, 2017 IL App (2d) 170193, ¶ 18. "In determining whether to stay proceedings, the circuit court has discretion to consider factors such as the orderly administration of justice and judicial economy, as well as its inherent authority to control the disposition of the cases before it." (Internal quotation marks omitted.) *Id.* We will reverse the circuit court's decision to deny a stay only if it abused its discretion. *Id.* An abuse of discretion occurs when the circuit court "acted arbitrarily without the employment of conscientious judgment or, in light of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." (Internal quotation marks omitted.) *Id.*

¶ 12    We first address defendant's argument that, by failing to oppose the motion to stay, plaintiff forfeited its right to offer any argument in support of the circuit court's judgment. On this point, plaintiffs respond they have not forfeited their arguments because they are in a different position now than they were when the court denied the stay. Plaintiffs note they were required to expend

significant time and resources to respond to defendant's motion to dismiss, which they observe raised seven different bases for dismissal. They contend a stay at this juncture, after having been required to respond to defendant's motion to dismiss, would prejudice them.

¶ 13    The record does not support plaintiffs' arguments. It does not show plaintiffs responded to the motion to dismiss or establish the amount of time or resources they expended in responding to the motion. See *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009) (noting a court of review may not consider matters outside the record). More importantly, however, the question on appeal is not whether a stay at this point in the proceedings would prejudice the parties but, rather, whether the circuit court's refusal to stay the proceedings was an abuse of discretion *at the time the motion was heard and decided*.

¶ 14    In any event, we need not decide whether plaintiffs forfeited their arguments. Even giving their arguments due consideration, we conclude the circuit court abused its discretion by refusing to stay the proceedings pending the outcome of *McDonald*.

¶ 15    This court has long recognized that it is appropriate to stay circuit court proceedings when there is a case pending before a court of review that could have dispositive effect on the circuit court proceedings. See, *e.g.*, *Shaw v. Citizens State Bank of Shipman*, 185 Ill. App. 3d 79, 82-83 (1989) (reversing the circuit court's denial of a stay and stating, "when the record shows that the issue on appeal is as significant as here, and no conclusive showing is made that the appeal is frivolous or a sham, *Wiseman* [*v. Law Research Service, Inc.*, 133 Ill. App. 2d 790 (1971)] requires the trial court to grant a stay for a reasonable time"); *Khan v. BDO Seidman, LLP*, 2012 IL App (4th) 120359, ¶¶ 60, 62 (observing that a trial court does not abuse its discretion by staying a proceeding in favor of another proceeding that could have dispositive effect on the issues presented and, in fact, a stay in those circumstances is a sound exercise of discretion); *Cholipski v. Bovis*

*Lend Lease, Inc.*, 2014 IL App (1st) 132842, ¶ 40 (citing *Khan*, 2012 IL App (4th) 120359, ¶¶ 60, 62).

¶ 16     The operative allegations of plaintiffs' complaint here are substantively identical to the plaintiff's Privacy Act claims in *McDonald*. See *McDonald*, 2020 IL App (1st) 192398, ¶¶ 2-3. And the preemption question before the supreme court in *McDonald* will likely have a dispositive effect on defendant's motion to dismiss in this case. See *id.* ¶ 7. Further, the question presented *is a threshold question*. If the supreme court in *McDonald* were to hold the plaintiff's claim was barred by the exclusivity provisions of the Workers' Compensation Act, then that ruling may compel dismissal of plaintiffs' claim here, as the circuit court would lack jurisdiction over the claim. See *Bradley v. City of Marion*, 2015 IL App (5th) 140267, ¶¶ 15, 18 (noting the Illinois Workers' Compensation Commission has exclusive original jurisdiction over matters involving an injured worker's rights to benefits under the Act and an employer's defenses to claims under the Act). To order the parties to litigate a motion to dismiss and, potentially, litigate a motion for class certification and engage in discovery on the merits, will require them to expend significant time and resources, despite the fact the decision in *McDonald* may be fatal to plaintiffs' claim.

¶ 17     Moreover, plaintiffs have never asserted, either in the circuit court or this court, that the appeal in *McDonald* was frivolous such that it would be improper to stay the present proceedings pending its outcome. And how could they? The supreme court granted the defendant's petition for leave to appeal, thus inherently finding "the general importance of the question presented" warranted further review. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2020). Further, plaintiffs never claimed they would be prejudiced by a stay of the proceedings pending *McDonald*. Under these circumstances, staying the proceedings was the appropriate course of action, especially when

*McDonald* was argued almost 90 days ago and waiting on the decision will not likely cause an undue delay in this case.

¶ 18     The circuit court nevertheless denied the motion without regard to the parties' at-that-time joint position and without stating its reasons for doing so. Accordingly, we conclude the circuit court abused its discretion in denying defendant's unopposed motion to stay the proceedings. We, therefore, reverse the circuit court's judgment. Pursuant to Rule 305(d), we stay the circuit court proceedings pending the outcome of *McDonald v. Symphony Bronzeville Park, LLC*, No. 126511.

¶ 19                                        III. CONCLUSION

¶ 20     For the reasons stated, we reverse the judgment of the circuit court of Lake County and, pursuant to Rule 305(d), stay the circuit court proceedings.

¶ 21     Judgment reversed; stay entered.